# Wheeling.

JOHN M. SNIDER *vs.* SARAH C. MYERS, *et al.*

January Term, 1869.

1. Where the averment in a declaration was that the defendant broke and entered the close of the plaintiffs, situated in the town of R., in the county of H., to which the plea of not guilty was entered, it is proper to admit testimony to show the breaking and entering of any close in that place, and as tending to show the manner of the breaking and entry upon the close, and the injury sustained thereby.

2. A party having title and right of possession may maintain trespass for injury done to real estate without being in actual possession at the time of the alleged trespass.

3. An affidavit for a new trial upon the ground of newly discovered evidence, is not sufficient unless it state that the party seeking the benefit of it has used due diligence to discover and procure the evidence before the trial, and discloses the facts he can prove and by whom he can do so.

This was an action of trespass *quare clausam fregit*, brought to August rules, 1866, in Hampshire county. The declaration averred that on the 1st day of September, 1863, the defendant with force and arms, &c., broke and entered the close. of the plaintiffs, situated in the town of Romney, "and other wrongs to them the said plaintiffs then and there did, &c."

On the trial, had in February, 1867, the plaintiffs offered evidence to show the pulling down of the house on the close, to which the defendant objected, but his objection being overruled, he excepted. The plaintiffs proved title in themselves, but the property, it appears from the record, was vacant at the time of its destruction, having been previously used by the forces of the United States for a bakery and for other purposes, whenever they occupied the town. It

was also proved that shortly after the house was pulled down that the defendant fenced up the lot and used it until 1866.

There was such conflict of testimony as to the value of the property that the court refused to certify the value proved.

The defendant asked the court to instruct the jury that, if the plaintiffs were not in *actual* possession of the house. and lot at the time of the alleged trespass they must find for the defendant.    But the court modified the instruction so that if the jury believed they were not in possession, &c., they must find for the defendant.    The court also instructed the jury, at the instance of the defendant, that the taking and carrying off of the property was not to be considered by the jury, but only the breaking and entering the plaintiffs' close and the damages necessarily arising therefrom.

The jury found for the plaintiffs, and assessed the damages at 300 dollars.    The defendant moved for a new trial upon the ground of misinstruction by the court, and because of after discovered evidence.    The substance of the affidavit setting forth newly discovered evidence is given in, the opinion of the judge.

The court refused to set aside the verdict and grant a new trial, and the defendant excepted and brought the case here by a writ of supersedeas.

*C. J. Faulkner* for the plaintiff in error.
*C. Boggess* for the defendants in error.

BERKSHIRE, J.    This is an action of trespass *quare clausam fregit.*    There is but one count in the declaration and but one trespass charged in it, viz: that the defendant with force and arms broke and entered a certain close of the plaintiffs, situated in the town of Romney, in the county of Hampshire; and the usual *alia enormia* is added.

On the trial two bills of exceptions to the ruling of the court were taken by the defendant.    The first is for allowing the plaintiffs to give evidence, *under the declaration*, of the pulling down of a certain house of the plaintiffs, which the

court certifies in the bill of exceptions, constituted the act
of breaking of said close.   It is insisted by the counsel for
the plaintiff in error that it was not competent for the plain-
tiffs, under the general charge in their declaration of break-
ing and entering the plaintiffs' close and the *alia enormia*.
clause, to give evidence of the destruction and value of the
house, inasmuch as no notice of such a demand was given in
the declaration.   That the pulling down of the house was
not put in issue by the declaration, and that if the plaintiffs
had intended to do so they should have averred it in the
declaration, either as a distinct trespass or by way of aggra-
vation or matter of special damage.   And it is further
insisted that nominal damages only for an unauthorized en-
try on the plaintiffs' close can be recovered in this action.

Without conceding or disputing the correctness of these
positions, it seems to me, the question of damages does not
properly arise in the case and is certainly not involved in
this exception.   On the contrary the only question arising
upon it is whether it was proper to allow this evidence to
go to the jury under the issue made, for any purpose.
What is that issue?   The averment is that the defendant
broke and entered the plaintiffs' close, situated in the town
of Romney, in Hampshire county.   There is no demurrer
to the declaration, but these averments are traversed and
put in issue by the plea of not guilty.

It is very clear, therefore, that the plaintiffs, under this
issue, had a right to show the breaking and entering of any
close owned by them in the town and county aforesaid.
And as tending to show the character and manner of the
breaking and entry upon the close and the injury sustained
by the plaintiff by reason of such breaking and entry, I
think the evidence was admissible, and that the court did
not err in permitting it to go to the jury for the purpose.
4 Rob. Prac., 595; Gilmore, 221; *Baily* vs. *Butcher*, 6
Grat., 144.

The question of damages, as I have before remarked, can-
not be affected by this testimony, for the reason that no in-
structions were asked touching that question, and the mo-

tion for the new trial is based not upon the ground that the verdict was contrary to the evidence or the damages excessive, but because of misdirection to the jury, and surprise and after discovered evidence.   The second exception taken to the opinion of the court is for overruling the motion for a new trial.   This motion, as before stated, is based upon the ground of misdirection to the jury and the alleged discovery of new evidence since the trial.

The misdirection complained of is the refusal of the court to give the instruction asked for by the defendant, set out in his second bill of exception, and the giving in lieu thereof the instruction as modified by the court.   But in this I think the court committed no error.   The instruction moved by the defendant asserts that the plaintiffs could not maintain their action, unless they were in the actual possession of the house and lot at the time the trespass was committed.

This position, however, is clearly untenable.   For, however it may have been formerly doubted, it has been long and well established that trespass to real estate may be maintained upon constructive as well as actual possession, and that a party having the title and right of possession, in the absence of any adverse possession, by legal intendment, has such constructive possession in law and may maintain trespass for an injury done to such real estate.

I think, therefore, that the instruction given by the court, which is in substance the same as that allowed by the defendant, except the term possession is substituted for *actual* possession, correctly propounds the law,  and there was no error in giving it.

The affidavits filed by the defendant, as an additional ground for a new trial, on account of the discovery of *new* evidence since the trial, it seems to me, are wholly insufficient for that purpose.   They assert in substance that the defendant, since the trial, for the first time, has discovered that a certain William Harper, of Dubuque, Iowa, will give material evidence, such as will enable him, as he thinks, upon sundry grounds to make a successful defence to the suit; also that he was surprised on the trial by the evidence

introduced by the plaintiffs as to the pulling down of the house, and that by filing special pleas under a new trial he can justify the trespass, and, as he verily believes, defeat the action, and the witness by whom he can prove these facts is a non resident of the State, &c. There is no averment, however, that he used due diligence, or *any* diligence, to discover and procure the testimony before the trial, nor does he disclose *what facts* he can prove nor by *whom* (except one) he can prove them.

It is very clear, therefore, that the court did not err in refusing a new trial on the basis of these affidavits.

I am of opinion to affirm the judgment with costs and damages.

The other judges concurred.

JUDGMENT AFFIRMED.