H. T. Cox, plaintiff in error, *vs.* Jesse M. Jones, administrator, defendant in error.

1. Letters of administration, and certified copies thereof, are official papers issued by an officer of a state government, and under act of congress of 1866, United States statutes at large, volume 14, page 141, are not required to have any stamp.

2. Where an exemplification of the proceedings of the probate court of a sister state is offered in evidence in the courts of this state, our courts will presume that the probate court is a court of record, and the certificate of the judge that he is *ex-officio* the clerk, that he has no official seal and that he has jurisdiction, under the laws of his state, of the subject matter, etc., is a sufficient authentication of the record under the act of congress.

3. A paper acknowledging to have received of the plaintiff a certain sum in gold to be accounted for on demand may, under section 2791 of the Code, be sued without any formal previous demand.

4. On the trial of a case in the superior court, when a paper is offered in evidence, and is objected to as evidence, because it is unstamped, it is competent for the court to permit the proper stamp to be affixed in its presence, and then to allow it to be read in evidence.

5. Under the evidence, the jury was justified in the finding, and it was not error in the court to refuse to set aside the verdict.

Administrators and executors.  Evidence.  Stamps.  Constitutional law.  Exemplification.  Demand.  Practice in the Superior Court.  New trial.  Before Judge HOPKINS.  Fulton Superior Court.  October Term, 1873.

Jesse Jones, as administrator upon the estate of Joel K. Brown, deceased, brought complaint against H. T. Cox upon the following instrument:

"H. T. Cox & Bro., Commission Merchants,

"Forsyth St., Atlanta, Ga., Sept. 25, 1769.

"Received of Joel K. Brown four hundred dollars in gold, which I will account for on demand, in gold or its equivalent in currency.          (Signed)          H. T. Cox."

The defendant pleaded as follows:

1st. That Brown was domiciled in Florida at his death, and that no administration has been regularly granted in that State.

2d. That plaintiff has not complied with the laws of Georgia, by filing in the clerk's office a properly authenticated copy of his letters of administration, etc.

3d. That no legal demand was made before suit brought by the plaintiff or any other person, on defendant.

4th. That plaintiff should not recover interest, because defendant received the money as a naked deposit, at the special request of Brown.

5th. That Brown owed defendant $20 00 on an account stated, and that is pleaded as a set-off.

6th. That during the lifetime of Brown defendant sent him, at his request, $150 00 by express, to Florida, and that is pleaded as part payment.

7th. That in April, 1872, defendant was duly served with summons of garnishment, in Blount county, Tennessee, in the case of G. H. Chaffin *vs.* J. L. Cox, as administrator of Joel K. Brown's estate, suit pending in ........., the justice court for ......... district, of said county and state, in which judg-

ment was rendered for plaintiff by A. K. Jones, justice of the peace, for $290 00, besides cost, more or less. That defendant answered, under oath, that he owed said Brown's estate something near $300 00. That judgment was had against him as garnishee for said sum, and that he has paid off and satisfied that judgment, to-wit: on the ......... day of April, 1872.

The plaintiff introduced the following evidence:

1st. The instrument sued on.

2d. Copy of letters of administration on Brown's estate to Jesse M. Jones, issued by Wills, county judge for Bradford county, Florida, dated December 31st, 1870, under the seal of the probate court of said county, upon the back of which was the following certificate:

"STATE OF FLORIDA—Bradford County.

Office of Probate Court in and for said County,
May 20th, 1872.

I, William W. Wills, county judge in and for said county, and *ex-officio* judge of probate, do hereby certify that the within and foregoing is a correct copy of the letters of administration as of record in my office, being granted by me as in the manner and form set forth, and I do further certify that there is no clerk of said probate court, but the duties of said court are discharged by me in person, by virtue of the statutes in such cases made and provided, and that the said attestation is in due form.

Witness my hand and seal of office, at Lake Butler, in the county and state aforesaid, this 20th day of May, A. D., 1872.

(Signed) "William W. Wills, County Judge
" And *Ex-Officio* Judge of Probate B. C."

There was no entry, certificate or other indication that the original letters of administration were stamped.

Jesse M. Goss, sworn: Requested defendant to pay before suit brought at instance of plaintiff's attorney. Defendant declined, but witness does not remember the reasons assigned.

S. B. Spencer, attorney for plaintiff, sworn: Sent Goss to

Cox *vs.* Jones.

make demand; Goss returned and reported that defendant declined to pay; he had letters of administration in his possession when he sent Goss.

The defendant introduced the following testimony:

A. K. Jones, sworn: Is justice of the peace in Blount county, Tennessee, and has been for fourteen years. G. H. Chaffin brought suit before me against J. L. Cox, administrator of Brown, on April 3d, 1872, and recovered judgment same day for $288 20 and costs of suit.

Then follows a correct transcript of the record in that case.

1st. "Summons issued April 3d, 1872. Endorsed: "I acknowledge the service of the within warrant for trial on Saturday, the 6th instant, this 3d April, 1872.

(Signed)                "J. L. Cox, Administrator."

2d. Judgment for plaintiff for $288 20 and costs of suit, 6th April, 1872.

3d. Execution for $288 20 and all legal costs, issued April 10th, 1872. Endorsed: "Came to hand same day issued. Search made and no personal property of the defendant within my county subject to execution. I therefore levy this *fi. fa.*, on the goods and chattels that H. T. Cox has in hands by garnishment. This April 11th, 1872.

(Signed)                "R. M. ANDERSON,
                        "D. Sheriff Blount county."

4th. Summons of garnishment upon Cox reissued 10th day of April, 1872. Executed by leaving copy at H. T. Cox's residence, April 11th, 1872.

5th. H. T. Cox's answer—that he owes near $300 00 to Brown's estate; can't give exact amount, as his books are away. States that he is sued in Georgia, by other parties. Sworn to April 15th, 1872.

6th. Judgment *vs.* H. T. Cox, garnishee, for $288 20, given 15th April, 1872.

His court is not regarded as a court of record in Tennessee. The court has no official seal, but uses the usual private seal. The only book kept is the justice's docket, in which the fol-

lowing records are made: Date of trial; parties names; amount of judgment; by whom stayed, if any ; returning officers, names of and official character, whether sheriff, deputy sheriff or constables, or whether service of the original writ was confessed or acknowledged by defendant. All other papers connected with cases in the justice's court are kept of file in the office. He presides in the third civil district of Blount county; his office is at his home, in said district; he has jurisdiction over any person in Blount county; he is commissioned by the governor of Tennessee; no one was present when the case was tried. It is customary to give judgment for the amount claimed when no defense or plea is made.

John L. Cox, by deposition, testified as follows: Knew Brown when he lived in Tennessee, from whence he removed in 1868 or 1869 to Florida. Brown was brother-in-law to defendant, and was related to Chaffin by marriage, Chaffin being Brown's step father-in-law ; was appointed Brown's administrator on first Monday in March, 1872, by Blount county court. On or about April 20th, 1862, paid Dr. G. H. Chaffin $288 20, as agent for defendant, to satisfy the judgment obtained against him as garnishee. Defendant requested him to pay Chaffin the above amount provided judgment was rendered against him, which he did, and took Chaffin's receipt therefor. Knows Brown's handwriting; the receipt for the $150 00 sent him by defendant is in Brown's handwriting.

Defendant sworn: Joel K. Brown married his sister. Before suit brought a young man called with the receipt and asked payment. Demanded his authority, and he produced none. He declined to pay. Soon after he was sued on the paper. Spencer & Clark were the attorneys. Sought an interview with Spencer, and asked for his authority to collect; he said he would see it at the proper time. No one in Georgia has ever produced any authority from the administrator in Florida or Tennessee, authorizing the collection or settlement of the paper previous to suit. Since Brown's death he has been compelled to pay $288 20 upon a judgment in Tennessee, and herewith annexes receipt:

"Received of H. T. Cox, by the hands of J. L. Cox, two hundred and eighty-eight dollars and twenty cents, the full amount (costs on suit excepted,) of a judgment that I recovered against the said H. T. Cox before A. K. Jones, Esq., a justice of the peace for Blount county, Tennessee, on a garnishee summons founded on original legal proceedings commenced by me against the administrator of the estate of Joel K. Brown, deceased, for a sum of money due me from said Joel K. Brown. This the 20th April, 1872.

(Signed),                    G. H. CHAFFIN, M. D."

He is also liable for $15 00 or more, which he expects to pay; does not legally or morally owe Brown's estate anything; knows that Chaffin's account is just; it was composed of money loaned, medical services and board at low down rates. Brown's administrator in Tennessee was appointed to look after his interest in some gold lots and other real estate. Is not a citizen of Georgia, but a citizen of Tennessee. Knows that he has paid out the money, and there is no hatched up matter about it, but a fair and legitimate proceeding of law.

John L. Cox, sworn, in person: Was in 1869 and 1870 a member of the firm of H. T. Cox & Brother, in Atlanta; before that he knew of no business transaction between that firm and Brown, and never heard of any. He never knew or heard that said firm ever owed Brown $150 00 or other sum. In 1870, and during most of the time he stayed in Tennessee, and H. T. Cox in Atlanta. Chaffin's claim was for medical attention and board of Mrs. Wayne, back as far as 1862 and 1863. Witness, as administrator of Brown, was sued by Chaffin; he interposed no defense and suffered judgment to go by default, because he knew the claim was just,; he acted as agent for his brother in paying over the money to Dr. Chaffin and consented to it all.

Alice B. Wayne, for plaintiff, sworn: Joel K. Brown was my father; Dr. Chaffin is connected with me by marriage, having married my grand-mother. I went to his house January 1st, 1862; my child was born there January 8th, 1862;

I was sick about ten days; had a good, reliable midwife, whom I paid for her services; I did not ask, require or receive any medical attention or advice whatever at any time during confinement or after; I went there to be confined, because it was my grand-mother's; she owned the house and furniture; Dr. Chaffin had no property, I think; I did not go there to board, but as a guest; I remained three months there; went to Mississippi until autumn, then returned and remained five months. There was never any contract for board, or any expectation of paying board, and no medical services were performed; while I was there, I expended over $600 00 in the purchase of articles for the use of the family; no claim was made for board until after my father's death, eight years afterwards. I am sure my father never had any dealings, agreements or promises with or to Dr. Chaffin, hence no settlements are required in any way whatever. I know that Dr. Chaffin and his wife have set up an unjust claim against my father in this case. I know that my father did not always have full confidence in defendant; I have heard my father doubt his integrity; I do not remember that he mentioned their personal dealings. I do know that defendant is not acting in good faith with the money entrusted to him by my father, and I know of no fact to benefit him.

Upon this evidence, etc., the jury found for plaintiff $286, principal, and $43 37, interest and costs.

The defendant moved for a new trial upon the following grounds, to-wit:

1st. Because the verdict is strongly and decidedly against the weight of evidence, and without evidence to support it.

2d. Because the verdict is contrary to law and the principles of justice.

3d. Because the court erred in permitting plaintiff to read in evidence the receipt or contract sued on before it was stamped, upon the statement of counsel that he desired to stamp the same, and would send and procure a proper stamp and stamp it, a revenue stamp of twenty cents being after-

wards, and during the trial, attached, but the same being in no manner canceled or defaced.

4th. Because the court erred in admitting in evidence the exemplification of the letters of administration of plaintiff, there being nothing to show that the original letters, or the copy thereof, had been stamped, and because the copy of said letters was not legally authenticated.

5th. Because the court erred in charging the jury, "that the instrument sued on was a promissory note, and no previous demand was necessary to entitle plaintiff to recover; neither was it necessary for plaintiff to exhibit to defendant evidence of his appointment as administrator on the estate of Brown, before bringing this suit."

6th. Because the court erred in charging the jury, "that if they should find from the evidence that the judgment in favor of Dr. Chaffin against John L. Cox, as administrator of Joel K. Brown, deceased, in Tennessee, was rendered within six months from the time when said John L. Cox was appointed said administrator, then that judgment, under the laws of Tennessee, was null and void, and the judgment rendered in Tennessee against defendant, in a garnishment proceeding based upon said former judgment, would be null and void, and a payment by defendant under said last mentioned judgment to Dr. Chaffin would be no protection to defendant in this suit, and it would not entitle defendant to a credit for the sum paid to Dr. Chaffin."

The motion was overruled, and defendant excepted.

E. N. Broyles; Julius L. Brown, for plaintiff in error.

S. B. Spencer, for defendant.

McCay, Judge.

1. The act of congress of 1866, United States statutes, volume XIV., page 141, in express terms provides that all official papers issued by United States or state officers, shall be exempt from the stamp tax. We think letters of administration

and certificates of records, come within the very terms of the act, and are not, therefore, liable to the stamp tax.

2. The act of congress providing for the authentication of the records of any state for use as evidence in another, contemplates, it is true, that the court shall have a clerk and a judge. But there is nothing in this act which makes it necessary that these officers be the same persons. The implication is, perhaps, a clear one, that the court shall be a court of record, as this seems to follow from the existence of a clerk· It has been often decided that where, by the law organizing the court, the judge is *ex officio* the clerk, as is common, especially in probate courts, the certificate setting forth these facts, and signed by the judge, is sufficient : 4 Day Rep., 363 ; 2 Vermont Rep., 573, 574. There are decisions to the effect that the law of the State organizing the court, must, in cases of statutory courts, be produced : 3 Wend., 263 ; 7 Wend., 435. But there are many authorities the other way : Ripple *vs.* Ripple, 1 Rawle, 386; Thomas *vs.* Tanner, 6 Monroe, 53; 4 Philip's Ev., (Cowan,) 61, 62, 71, 77; and we think this latter view most consistent with principle, since it facilitates the operation of the constitutional provision to give full faith to the records and judicial proceedings of other states. *Prima facie* the certificate of the judge of the court, as to its powers and the mode of its organization, may well be accepted for true. If the fact be different, it seems to us that the burden of producing the law ought, in such cases, to be on the other party : 4 Philipp's Ev., Cowan's notes, 108 to 110, 126, 137, 325, 326.

3. Whether this writing be a promissory note or not, is not material, under section 2791 of the Code. That section provides that any note, bill or other *paper*, payable on demand, is due immediately. If it be due, why should it not be sued? The suit is a demand.

4. The facts in this record do not, in our opinion, present the question made in the argument, upon the validity of the paper for want of a stamp at the time of its making. Under our law, all pleas in actions on contracts must be under oath.

Cox *vs.* Jones.

There was no plea of the invalidity of this contract by reason of the intent to defraud the revenue. The act of issuing the paper was an act of the defendant, and it was his duty to see to it that it was duly stamped. He knows precisely the motive of the parties in leaving it off, and if he desired to attack the paper on this ground, it was his business, under our law, to plead it under his oath. The question really made is, however, simply a question of the right of the plaintiff, under the supervision of the court, to affix the stamp. When the stamp is thus affixed, the paper is still open to attack. It would be absurd to say that a stamp affixed, even in presence of the collector on the oath of the party, would make valid a paper void at its issue, or that the refusal of the collector to stamp it would render it invalid, if it was issued without an intent to defraud the revenue. The question of intent is one of fact for the jury, and neither a collector or the judge can decide it. Under our view of the act of congress, the duty and the right of the court is to protect the government by seeing to it that the stamp is affixed before the parties use the paper as evidence on the trial. The law simply says that no paper, etc., shall be used as evidence in any court until the stamp is affixed according to law. It will be noticed, too, that the act does not say that it (the stamp) shall be canceled. Whether this is an accidental omission or not, we cannot say. It is sufficient that it is not required.

5. Upon the question of fact—of fraud—the verdict, of a certainty, has a plenty of evidence to sustain it. The evidence of fraud is strong, and it would be usurping the province of the jury for us to undertake to declare the judge in error for refusing to disturb it.

Judgment affirmed.