### VIELE v. MACK PAVING & CONSTRUCTION CO.

(Supreme Court, Appellate Division, Second Department. May 19, 1911.)

EXPLOSIVES (§ 12*)—INJURY TO PROPERTY—BLASTING—EVIDENCE.

A plaintiff, suing for injuries to a building by blasting for a public improvement, must show that changes of method of blasting would result in lessened vibration and concussion, and would not damage the building, and that the changes were practical, and were not adopted by defendant; and the testimony of an expert that the work could be carried on by using a smaller quantity of explosives or in some other way, to avoid damaging the building, did not establish a prima facie case of negligence.

[Ed. Note.—For other cases, see Explosives, Cent. Dig. §§ 9, 10; Dec. Dig. § 12.*]

Appeal from Trial Term, Westchester County.

Action by John J. Viele against the Mack Paving & Construction Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Frank E. Clarke, for appellant.
Chrystie & Wright, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

RICH, J. The defendant appeals from a judgment in favor of the plaintiff in an action to recover damages for injuries to his house, caused by vibration and concussion attending blasting by the defendant, who was a contractor engaged in the construction of a public sewer. The only question for our consideration is whether there was negligence in the manner and method of doing the work.

The plaintiff's house was situated on a hill at an elevation of 100 feet above the point of blasting and about 700 feet distant from it horizontally. His case rests on the testimony of one Landy, who was the inspector of combustibles of the city of Yonkers, who inspected the work from time to time. He testified that he suggested to defendant's foreman to reduce the size of the cut, the drilling of a relief cut, the use of four holes only, and less powder. He says:

"As an expert, it is my opinion that the work could have been carried on at that tunnel by using a smaller quantity of explosives, or in some other way, even at a greater expense, to avoid damaging Mr. Viele's house. This could have been done by regulating the resistance of the charges, using an ordinary amount of explosives, and not blasting more than four holes at any one time."

I do not think this evidence sufficient to establish a prima facie case. It was incumbent upon the plaintiff to give some evidence tending to show that the suggested changes of method would have resulted in lessened vibration and concussion, and would not have damaged the house, that they were practical, and that they were not adopted by the defendant, which he omitted to do.

The defendant called five witnesses, four of whom were engaged in the blasting, and one an expert. They were all practical men, having had years of experience in that class of work, and in the use of dynamite and other explosives. They testify that the blasting was necessary, and done in the ordinary, usual way, and in a careful and diligent manner; that it was the only practical way in which it could have been done; that the methods suggested by Landy were not practical, and would not have removed the stone; that the quantity of powder used was usual and ordinary in amount, but that, after Landy suggested the use of less powder, the amount of explosives was reduced from 5.8 pounds, of 40 per cent. per cubic yard, to 4.4 pounds; that the blasting could not have been accomplished with a lesser charge of explosives; and that no other house in the vicinity, although there were several nearer the place of blasting than plaintiff's, was injured or affected by the blasts. When the plaintiff rested, and again at the close of the evidence, the defendant moved to dismiss the complaint upon the ground that the plaintiff had failed to show that the defendant was negligent, or did not use proper care and diligence in the prosecution of the work, either in the first instance or by a preponderance of the whole testimony. The motions were denied by the learned trial justice, and exceptions to the ruling present reversible error. Booth v. Rome, Watertown & Ogdensburg Terminal R. R. Co., 140 N. Y. 267, 35 N. E. 59, 24 L. R. A. 105, 37 Am. St. Rep. 552; Sullivan v. Dunham, 161 N. Y. 290, 55 N. E. 923, 47 L. R. A. 715, 76 Am. St. Rep. 274; Benner v. Atlantic Dredging Co., 134 N. Y. 156,

31 N. E. 328, 17 L. R. A. 220, 30 Am. St. Rep. 649; Cosulich v. Standard Oil Co., 122 N. Y. 118, 25 N. E. 259, 19 Am. St. Rep. 475; Hall Sons' Co. v. Sundstrom & Stratton Co., 138 App. Div. 548, 123 N. Y. Supp. 390.

Judgment and order reversed, and new trial granted, costs to abide the event. All concur.