EMMA D. JENKINS & others *vs.* A. G. TOMASELLO & SON, INC., & another.

Suffolk. February 9, 1934. — March 29, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & DONAHUE, JJ.

*Equity Jurisdiction*, To enforce bond given in blasting operations. *Bond*, In blasting operations. *Blasting*.

Equity has no jurisdiction of a suit by twenty-one individuals against a corporation, which carried on blasting operations, and the surety upon a bond given by it under G. L. (Ter. Ed.) c. 148, § 19, where each plaintiff was an owner of real estate in close proximity to premises whereon the defendant corporation was carrying on its operations, and the bill contained averments that, acting under a permit granted on the filing of the bond, the defendant corporation used explosives in its operations "and in consequence thereof loss, damage and injury resulted respectively to the plaintiffs in their persons and property, for which loss, damage and injury the plaintiffs are severally entitled to recover by suit upon the said bond."; that demand had

been made by the plaintiffs upon the defendant corporation "for payment of their respective claims" under the bond; that payment had been refused; that "the aggregate amount of the loss, damage and injury suffered by the plaintiffs was greatly in excess of" the penal sum of said bond; that the plaintiffs had "a common interest in said bond and in the ratable apportionment of the penal sum payable thereunder among themselves according to the respective amount of the loss, damage and injury suffered by each"; and that the "said apportionment" could "be made and the rights of all parties" could "be adjusted conveniently, expeditiously and justly in a single decree, and a multiplicity of actions" could "thereby be prevented, only by a suit in equity."

BILL IN EQUITY, filed in the Superior Court on March 15, 1932, and afterwards amended, described in the opinion.

The defendants demurred. The demurrers were heard by *Weed*, J., by whose order an interlocutory decree overruling them was entered. The judge thereupon reported the suit for determination by this court, as described in the opinion.

*S. L. Bailen*, (*H. Snyder* with him,) for the defendants.

*J. F. Batchelder*, (*H. Averbuch* with him,) for the plaintiffs.

PIERCE, J. This is a bill in equity wherein twenty-one plaintiffs seek compensation for damages, alleged to have been caused as a result of blasting operations conducted by the defendant A. G. Tomasello & Son, Inc. The case was heard upon demurrers of each defendant to the substitute bill of complaint allowed on September 15, 1933. The demurrers were overruled and an interlocutory decree was entered to this effect. The judge of the Superior Court, who ordered the entry of said interlocutory decree, "being of the opinion that this order and decree . . . so affect the merits of the controversy that the matter ought before further proceedings to be determined by the full court," at the request of the defendants, "report[s] the question for that purpose on the said substitute bill of complaint and the demurrers thereto, and stay[s] all further proceedings except those necessary to preserve the rights of the parties." No appeals from said orders are pending. The demurrers are identical and the defendants file a single brief for both.

The substitute bill of complaint is brought in behalf of the named plaintiffs and all other persons having claims

on the bond described in said complaint. Each of the plaintiffs is an owner of real estate with certain structures thereon in close proximity to certain premises and lands of the city of Boston, known as the "Municipal Golf Course" lying adjacent or near to West Street, Hyde Park. The defendants A. G. Tomasello & Son, Inc., and the Fidelity and Deposit Company of Maryland are alleged to be respectively principal and surety named in a certain bond in the penal sum of $5,000, filed with the city clerk of the city of Boston, upon an application of said principal defendant for a permit to use explosives in blasting at the location of said municipal golf course during the period from May 5 to October 5, 1931, under the provisions of G. L. c. 148, § 24, as amended. It is alleged in the complaint that said bond is "conditioned upon the payment by said principal defendant of any and all loss, damage or injury resulting to persons or property by reason of the use of an explosive in the blasting of rock or any other substance or by reason of the keeping of said explosive." A copy of said bond is annexed to the bill of complaint. It is further alleged that upon the filing of said bond a permit was duly issued to the principal defendant; that "acting under said permit said principal defendant thereupon, between said dates of May 5 and October 5, 1931, proceeded to use certain explosives in the blasting of rock and other substances upon said premises and lands known as the Municipal Golf Course, and by reason and in consequence thereof loss, damage and injury resulted respectively to the plaintiffs in their persons and property, for which loss, damage and injury the plaintiffs are severally entitled to recover by suit upon the said bond"; that "Demand upon the said principal defendant A. G. Tomasello & Son, Inc. has duly been made by the plaintiffs for payment of their respective claims under said bond for the aforesaid loss, damage and injury, but the said principal defendant has at all times refused and neglected to pay the same and has denied and disclaimed any and all responsibility or liability to the plaintiffs therefor"; that "The aggregate amount of the loss, damage and injury suffered by the plaintiffs as aforesaid is

greatly in excess of $5,000, the penal sum of said bond"; that "The plaintiffs have a common interest in said bond and in the ratable apportionment of the penal sum payable thereunder among themselves according to the respective amount of the loss, damage and injury suffered by each, and the said apportionment can be made and the rights of all parties can be adjusted conveniently, expeditiously and justly in a single decree, and a multiplicity of actions can thereby be prevented, only by a suit in equity"; and that "The plaintiffs have no plain, adequate and complete remedy at law."

The bond was given under G. L. c. 148, §§ 24, 25, reënacted by St. 1930, c. 399, § 1, as G. L. (Ter. Ed.) c. 148, §§ 19, 20.*

The defendants assigned as causes of the demurrer the following grounds: "1. That the plaintiffs have not in and by said bill of complaint set forth a cause of action which entitles them to any equitable relief. 2. That the said bill of complaint is multifarious in that the plaintiffs have joined in one suit separate and distinct causes of action. 3. That it does not appear that there was any negligence on the part of the principal, A. G. Tomasello & Son, Inc. which caused the alleged damage to the plaintiff. 4. That the said bill of complaint seeks to establish

---

*Section 19. Before the issue of a permit to use an explosive in the blasting of rock or any other substance as prescribed by the department, the applicant for the permit shall file with the clerk of the city or town where the blasting is to be done a bond running to the city or town, with sureties approved by the treasurer thereof, for such penal sum, not exceeding ten thousand dollars, as the marshal or the officer granting the permit shall determine to be necessary in order to cover the risk of damage that might ensue from the blasting or its keeping therefor; provided, that the marshal or the officer granting the permit may determine that a single and blanket bond in a penal sum not exceeding fifteen thousand dollars is sufficient to cover the risk of damage from all blasting operations of the applicant, either under the permit so issued or under future permits to use explosives in blasting operations. The bond shall be conditioned upon the payment of any loss, damage or injury resulting to persons or property by reason of such blasting or keeping.

Section 20. Action on a bond filed under the preceding section may be brought by any person to whom loss, damage or injury has resulted by reason of such blasting or keeping, and shall be brought in the name of, and for the use and at the cost and expense of, such person; but in no event shall action be brought on the bond for personal injury of an employee of the person receiving the permit. If claims on any bond are established to an amount greater than the penal sum thereof, such claims shall be paid pro rata to the amount of the penal sum, and executions shall issue accordingly.

liability on a bond which is in fact an indemnity bond without sufficiently alleging that liability exists on the part of the indemnitee on this bond. 5. That if the construction of G. L. (Ter. Ed.) c. 148, §§ 24 and 25 [*sic*], is as set up in this bill of complaint, then said statute is unconstitutional and void. 6. That it does not sufficiently appear from said bill of complaint what damage, if any, has been caused these plaintiffs. 7. That there is a misjoinder of parties plaintiff to the bill of complaint. 8. That there is a nonjoinder of parties to said bill of complaint in that the obligee on said bond has not been joined as a party. 9. That there is a nonjoinder of parties plaintiff to the bill of complaint because it does not appear that there are no other persons having a claim under said bond. 10. That the several plaintiffs have a full, adequate and complete remedy at law. 11. That it does not appear that there is any basis for equitable jurisdiction in this suit."

The basic contentions of the plaintiffs in support of the decree are that it was not necessary to allege in the complaint, or prove by evidence, that the principal defendant was guilty of negligence in the use of explosives under its permit to the damage of the several plaintiffs, for the reason that the bond and statute according to their plain terms implied an absolute liability and should be so construed, and that the statute, though it imposes an absolute liability, is nevertheless constitutional.

In opposition to the position taken by the plaintiffs, the defendants contend that G. L. (Ter. Ed.) c. 148, § 19, as originally enacted by St. 1911, c. 325, was entitled "An Act to provide for the giving of bonds in blasting operations"; that the title indicates the purpose of the act was to create a fund for the protection of persons damaged in their persons or property as the result of blasting operations, from which a common law liability arose, to the end that the persons injured might be recompensed to the limit of the bond without regard to the financial ability of the conductor of the blasting operations to satisfy any judgments recovered against him. The defendants direct particular attention to the fact that G. L. (Ter. Ed.) c. 148,

§§ 19 and 20, does not declare a purpose of imposing absolute liability for harm done, on a person or corporation engaged in blasting operations under a proper permit, nor indicate that such person or corporation shall be liable for keeping explosives — it simply provides for the giving of bonds in blasting operations for the security of persons injured thereby. They contend that there is a marked resemblance in the provisions of G. L. (Ter. Ed.) c. 148, §§ 19 and 20, to those in G. L. (Ter. Ed.) c. 90, § 34A, which was originally entitled "An Act requiring owners of certain motor vehicles and trailers to furnish security for their civil liability on account of personal injuries caused by their motor vehicles and trailers," St. 1925, c. 346. In the body of that act provision was made for motor vehicle liability bonds which were conditioned on the satisfaction of all judgments rendered in actions to recover damages for bodily injuries, etc., but nothing is stated in the body of the act about negligence. A proposed act with the title "An Act to create a Motor Vehicle Insurance Fund for the Purpose of Providing Compensation for Injuries and Deaths due to Motor Vehicle Accidents" was declared by the justices of this court to provide not "Compensation in connection with personal injuries and death," but security for civil liability on account of personal injuries caused by motor vehicles and trailers. *Opinion of the Justices,* 271 Mass. 582, 589–590.

It is settled that the Legislature may prohibit a use of land which the common law regarded as a nuisance if it endangered adjoining houses or the highway, *Commonwealth* v. *Parks,* 155 Mass. 531, and it is plain it may require an application for a permit "to use an explosive in the blasting of rock or any other substance" to assure an absolute liability as a condition precedent to the issue of a permit. Instances of such legislation are found. G. L. c. 160, § 234. See *Boston & Maine Railroad* v. *Hartford Fire Ins. Co.* 252 Mass. 432, 435; see also G. L. c. 140, § 155, as to the owner or keeper of dogs, and c. 166, § 42, as to the liability in damages of telegraph companies to persons injured in person or property by the poles, wires or other apparatus

of such company. It is to be observed of these illustrations, as the defendant points out, that the statute obviously intended to change the common law as to liability, and that such legislation was not directed to the creation of a fund to which the injured party might look for recompense.

Attention is further directed to the fact that G. L. c. 148, §§ 24 and 25, nowhere says that a person using explosives shall be liable in any manner different from that in which he would be at common law. By the common law one carrying on blasting operations is liable for all direct injuries to the person or property of another, but in the absence of negligence is not liable for consequential harm such as is caused by concussion. In the case at bar it is plain that the Legislature by requiring a permit to use explosives in the blasting of rocks or other matter showed no intention to enlarge the common law duty of the contractor to prosecute the operations with due care. Assuming that the legislative purpose of requiring a bond to be filed with the application for a permit was to afford a cause of action on the bond to anyone damaged directly or consequentially by the negligence of the contractor, it is obvious that no action on the bond would lie without proof of a breach of the bond, and that the harm to some of the plaintiffs might be direct, while the injury to others would depend upon such persons' ability to prove the contractor was negligent in the use of the explosive. Manifestly before such judgments are obtained by the several plaintiffs and others who may join with them in prosecution of this suit in equity there is no occasion for a ratable apportionment of the penal sum of the bond among the plaintiffs.

For the reasons stated we think the bill of complaint does not set out a community of interest in the subject matter of the controversy, or that there is a common right or title involved, and that the several demurrers should be sustained on both grounds — "A. Jurisdictional" and. "B. Substantive," as claimed by the defendants.

*Decree accordingly.*