Brown and another, Respondents, vs. L. S. Lunder Construction Company, Appellant.

*February 12—March 10, 1942.*

For the appellant there was a brief by *Sanborn, Blake & Aberg, Ernest H. Pett,* and *Edwin Conrad,* all of Madison, and oral argument by *Mr. Pett.*

For the respondents there was a brief by *Kopp & Brunckhorst* of Platteville, and oral argument by *Arthur W. Kopp.*

MARTIN, J.   It is alleged that at all times in question plaintiffs were the owners and occupants of a home located at 602 Stockton court, in the city of Madison; that defendant construction company during the months of August and September, 1939, was engaged in excavation incidental to the construction of an apartment building located about three hundred feet from the plaintiffs' property.   It is further alleged that defendant construction company was an independent contractor in doing said excavation; that in the course of the construction and excavation dynamite and other high explosives were used to blast out stone, rock, and other material so as to construct the foundation of said apartment building and appendages; that such explosions caused a destructive vibration in the surrounding property and caused vibrations and concussions in the ground and through the air on and around plaintiffs' property; that said vibrations and concussions proximately caused the building owned by plaintiffs to be damaged thereby, in that the floors, ceilings, roofs, walls, chimneys, stairways, windows, doors, and other parts of the building were broken, cracked, weakened, and separated from the parts of the building contiguous thereto, by said vibrations and concussions to plaintiffs' damage.

The demurrer admits the facts as pleaded.   Appellant contends and respondents concede that the complaint was deliberately drafted on the theory of absolute liability on the part of the defendant construction company for the loss and damage sustained by plaintiffs.   There is no allegation of negli-

gence in the blasting process employed by defendant company. Counsel concedes that there is no precedent in this jurisdiction. Appellant contends that we should adopt the so-called New York rule which has been adopted in other jurisdictions to the effect that in blasting cases causing damage in the manner as alleged in the instant case negligence is an essential element. On the other hand, respondents contend for the rule of absolute liability without proof of negligence and claim such is the majority rule.

In nearly all jurisdictions it has been held that where stone or other debris is thrown upon one's premises by the force of an explosion on adjoining premises causing damage recovery is permitted without proof of negligence. However, in blasting cases by use of explosives producing severe concussions or vibrations in the surrounding earth or air and so causing damage there is a sharp division of authority as to the right of the injured party to recover without proof of negligence. The New York court, in *Booth v. Rome, W. & O. Terminal R. Co.* (1893) 140 N. Y. 267, 278, 35 N. E. 592, 24 L. R. A. 105, 37 Am. St. Rep. 552, refused to follow the rule of absolute liability in a blasting case causing concussions and vibrations resulting in damage to property in the vicinity. The court held that liability depended upon negligence in the blasting process. The court reasoned thus:

"The rule announced by the trial judge, that the use, by an owner of property, of explosives in excavating his land, is at his peril and imposes liability for any injury caused thereby to adjacent property irrespective of negligence, is far-reaching. It would constitute, if sustained, a serious restriction upon the use of property, and in many cases greatly impair its value. The situation in the city of New York furnishes an apt illustration. The rocky surface of the upper part of Manhattan Island makes blasting necessary in the work of excavation, and, unless permitted, the value of lots, especially for business uses, would be seriously affected. May the man who has first built a store or warehouse or dwelling on his lot

and has blasted the rock for a basement or cellar, prevent his neighbor from doing the same thing when he comes to build on his lot adjoining, on the ground that by so doing his own structure will be injured? Such a rule would enable the first occupant to control the uses of the adjoining property, to the serious injury of the owner, and prevent or tend to prevent the improvement of property. The first occupant in building on his lot exercised an undoubted legal right. But his prior occupation deprived his neighbor of no legal right in his property. The first occupant acquires no right to exclude an adjoining proprietor from the free use of his land, nor to use his own land to the injury of his neighbor subsequently coming there. . . . The fact of proximity imposes an obligation of care, so that one engaged in improving his own lot shall do no unnecessary damage to his neighbor's dwelling, but it cannot, we think, exclude the former from employing the necessary and usual means to adapt his lot to any lawful use, although the means used may endanger the house of his neighbor."

In *Dolham v. Peterson* (1937), 297 Mass. 479, 9 N. E. (2d) 406, the court held that one carrying on blasting operations is liable for all direct injuries to the person or property of another, but in the absence of negligence is not liable for consequential harm such as is caused by concussion. To same effect see *Jenkins v. A. G. Tomasello & Son, Inc.* (1934) 286 Mass. 180, 186, 189 N. E. 817, 820. The following cases are in accord with the rule in *Booth v. Rome, W. & O. Terminal R. Co., supra*: *Simon v. Henry* (1898), 62 N. J. Law, 486, 41 Atl. 692; *Bacon v. Kansas City Terminal R. Co.* (1921) 109 Kan. 234, 198 Pac. 942; *Lehigh Portland Cement Co. v. Donaldson* (1935), 231 Ala. 242, 164 So. 97; *Williams v. Codell Constr. Co.* (1934) 253 Ky. 166, 69 S. W. (2d) 20; *Standard Paving Co. v. McClinton* (Tex. Civ. App. 1940), 146 S. W. (2d) 466; *Indian Territory Illuminating Oil Co. v. Rainwater* (Tex. Civ. App. 1940), 140 S. W. (2d) 491; *Le Bleu v. Shell Petroleum Corp.* (La. App. 1935) 161 So. 214. Appellant cites several additional cases from other

jurisdictions which are grounded on the theory of negligence and which were tried and decided solely on the negligence theory. The point here involved was not raised or considered in those cases.

The rule of absolute liability contended for by the respondents is the majority rule as determined by adjudicated cases in the different jurisdictions passing upon the question. See annotation, 92 A. L. R. 741. Cases are there cited from fourteen jurisdictions sustaining the rule of absolute liability for damages resulting from vibrations or concussions irrepective of negligence. A discussion of these cases would unnecessarily prolong this opinion. We will merely note the most recent case in the different jurisdictions which follow the majority rule sustaining the theory of absolute liability. *Exner v. Sherman Power Constr. Co.* (2d Cir. 1931) 54 Fed. (2d) 510, 80 A. L. R. 686; *McGrath v. Basich Bros. Constr. Co.* (1935) 7 Cal. App. (2d) 573, 46 Pac. (2d) 981; *Baker v. S. A. Healy Co.* (1939) 302 Ill. App. 634, 24 N. E. (2d) 228; *Watson v. Mississippi River Power Co.* (1916) 174 Iowa, 23, 156 N. W. 188; *Stocker v. City of Richmond Heights* (Mo. App. 1939), 132 S. W. (2d) 1116; *Wendt v. Yant Constr. Co.* (1933) 125 Neb. 277, 249 N. W. 599; *Bluhm v. Blanck & Gargaro, Inc.* (1939) 62 Ohio App. 451, 24 N. E. (2d) 615; *Tibbets & Pleasant, Inc., v. Benedict* (1927), 128 Okla. 106, 261 Pac. 551; *Wells v. Knight* (1911), 32 R. I. 432, 80 Atl. 16; *Feinberg v. Wisconsin Granite Co.* (1929) 54 S. D. 643, 224 N. W. 184; *City of Knoxville v. Peebles* (1935), 19 Tenn. App. 340, 87 S. W. (2d) 1022; *Shade Brewing Co. v. Chicago, M. & P. S. R. Co.* (1914) 79 Wash. 651, 140 Pac. 897; *Cahill v. Eastman* (1872), 18 Minn. 324, 10 Am. Rep. 184; *Welz v. Manzillo* (1931), 113 Conn. 674, 155 Atl. 841; *Toy v. Atlantic Gulf & Pac. Co.* (1939) 176 Md. 197, 4 Atl. (2d) 757; *Indiana Limestone Co. v. Murphy* (1931), 93 Ind. App. 76, 177 N. E. 350; *Baier v. Glen Alden Coal Co.* (1938) 131 Pa. Super.

309, 200 Atl. 190, affirmed 332 Pa. 561, 3 Atl. (2d) 349; *Summit Hotel Co. v. National Broadcasting Co.* (1939) 336 Pa. 182, 8 Atl. (2d) 302, 305.

The Ohio court in *Louden v. Cincinnati* (1914), 90 Ohio St. 144, 152, 106 N. E. 970, commenting on the New York rule in the *Booth Case, supra,* said:

"This decision was largely predicated upon the particular facts in that case. The rocky surface of the upper part of Manhattan Island made blasting necessary in the work of excavating, and unless permitted the value of the lots, especially for business purposes, would be seriously affected. However, the fair and legitimate interpretation and application of the doctrine announced in that case . . . would permit the second proprietor to destroy the building of the first, and the third to destroy the building of the second, and in like manner each succeeding proprietor might destroy the building of his predecessor until the territory was exhausted, and then there would remain upon this territory but one building, the last one, fit and safe for use and occupancy, unless the several owners followed in the trail of devastation and repaired or restored their buildings."

In *Exner v. Sherman Power Constr. Co., supra,* the federal court said (p. 513):

"It is true that some courts have distinguished between liability for a common-law trespass, occasioned by blasting, which projects rocks or debris upon the property or the person of the plaintiff, and liability for so-called consequential damages arising from concussion, and have denied liability for the latter where the blasting itself was conducted at a lawful time and place and with due care. . . . Yet in every practical sense there can be no difference between a blasting which projects rocks in such a way as to injure persons or property and a blasting which, by creating a sudden vacuum, shatters buildings or knocks down people. In each case, a force is applied by means of an element likely to do serious damage if it explodes. The distinction is based on historical differences between the actions of trespass and case and, in our opinion, is without logical basis." See cases cited.

The Restatement, 3 Torts, pp. 41 to 48, §§ 519 to 522, indicates that the basis for absolute liability is to be found in the fact that blasting is an ultrahazardous activity. It is said:

"Blasting is ultrahazardous because high explosives are used and it is impossible to predict with certainty the extent or severity of its consequences. (p. 44.)

"While blasting is recognized as a proper means of clearing woodland for cultivation and of excavation for building purposes, the conditions which require its use are usually of brief duration. It is generally required because of the peculiar character of the land and it is not a part of the customary processes of farming or of building operations. (p. 45.)

"The reason for imposing absolute liability upon those who carry on ultrahazardous activities is that they have thereby for their own purposes created a risk which is not a usual incident of the ordinary life of the community." (p. 48.)

The reason for the majority rule is well stated in 22 Am. Jur. p. 180, § 54, thus:

"Since recovery is permitted for damage done by stones or dirt thrown upon one's premises by the force of an explosion upon adjoining premises, there is no valid reason why recovery should not be permitted for damage resulting to the same property from a concussion or vibration sent through the earth or the air by the same explosion. There is really as much a physical invasion of the property in one case as there is in the other; and the fact that the explosion causes stones or other debris to be thrown upon the land in one case, and in the other only operates by vibrations or concussions through the earth and air, is held to be immaterial." See cases cited, footnote 18.

It is considered that the better reasoning and logic are found in the cases sustaining the majority rule of absolute liability where damages are caused by high explosives irrespective of whether by actual invasion or concussion and vibration. We so hold.

*By the Court.*—Order affirmed.