Estes, P. J.
In this action of “Contract or Tort” the plaintiff’s declaration is as follows:
“Now comes the plaintiff in the above-entitled action and says that she is the owner of certain premises located at 23 Hayward Place, East Braintree, County of Norfolk, and that the defendant, its servant or agent, is engaged in blast *258 ing operations on the premises close by the said property of the plaintiff, and as a result thereof the said property of the plaintiff was caused to be damaged. ’ ’
The answer is general denial and contributory negligence.
The trial Judge made the following written findings.
“For nineteen years plaintiff has owned a five room cottage at 23 Hayward Ave., E. Braintree, opposite the Fore River Plant of the Bethlehem Shipbuilding Corp. During June, 1941, plaintiff’s house was damaged by blasting operations performed on the premises of . the Bethlehem Shipbuilding Corp. by the defendant company.
“Defendant, an independent contractor, was doing construction work at the Fore River Plant from November 23, 1940. On April 14, 1941, defendant contractor hired a blaster who finished his operation for defendant the latter part of September, 1941. That during this period blasting took place 2, 3 and 4 times a week, usually at noontime, but that it sometimes took place twice a day. That defendant’s work was done on slips 11 and 12, the wet basin, and the turret and armor ship which adjoins the wet basin. Most of the blasting was done on the west basin where % stick of dynamite was used nearly every day. That 25-30 feet of mud had been taken off the wet basin and 25-30 feet of solid ledge underneath the mud had to be blasted out. That the heaviest charges were 800 pounds. That from June 25 to August 1st there were 20 heavy shots of 400 to 800 pounds, and about 200 other shots discharged in the wet basin. Delayed charges with five separate blasts were used. That plaintiff’s house is about 300 yards from the wet basin.
“That another contractor did some blasting in connection with leveling a hill on the Fore River Plant premises; that *259 that blasting was finished in Feb. 1941, all but a few rock holes having been finished, however, in December, 1940.
“I find that the damage to plaintiff’s house was caused by blasting done by the defendant company.
“I find that the front, left and right side foundation walls of plaintiff’s house were cracked as follows: Front at right of entrance two cracks at top and tapering to ground on outside of wall. Fresh cracks Right side — three deep cracks that appear to go through the foundation wall, VA' at top and tapering off toward ground on outside of wall. Fresh cracks láft side — few fine cracks on outside. On inside a crack at front corner, running two feet down at joining of wall with front wall, then proceeding diagonally to right three feet and then horizontally two to three feet. Interior— cracks where ceiling and wall join on diagonal corners of kitchen, one being over the stove. Cracks on two sides of bathroom where ceiling and walls join, same true of living-room.”
The defendant filed six requests for rulings. The fifth was given. The others were denied.
The first and third requests were (1) there is insufficient evidence to warrant a finding for the plaintiff, and (3) on the evidence the plaintiff is not entitled to recover under her declaration.
The plaintiff filed no brief.
This case seems to have been tried and decided on the theory that the defendant is liable for any damages found to have been caused by the blasting. But unless there was direct trespass “the law applicable to circumstances such as are shown on the present record, was stated in Jenkins vs. A. G. Thomasello & Son, Inc., 286 Mass. 180, 186, in these words: By the common law, one carrying on blasting opera *260 tians is liable for all direct injuries to the person or property of another, but in the absence of negligence is not liable for consequential harm such as is caused by concussion. See statement of Chief Justice Rugg in Delham et al. vs. Peterson, 297 Mass. 479 at 482.
1 ‘ The burden of proof was on the plaintiff to show acts of negligence on the part of the defendant which contributed to injury to the plaintiff.” Delham et al. vs. Peterson, supra.
In the instant case, the plaintiff did not allege negligence in her declaration. This might be cured by amendment, but in the written findings filed by the court, no finding of negligence was made, and, since no evidence appears in the record on which such a finding could be made, we are of the opinion that the denial of the defendant’s first and third requests was error, and that finding for the defendant should have been made.
This is not a suit on the bond. If it were, Jenkins vs. A. G. Thomasello & Son, Inc., supra, decided that the common law rule is not changed.
Since we are of the opinion that an allegation, proof and finding of negligence, all of which are lacking in this case, were necessary, the finding for the plaintiff is to be vacated and finding entered for the defendant. So ordered.