■ BERNARD SCHLANSKY et al., Appellants-Respondents, v. AUGUSTUS V. RIEGEL, INC., Respondent-Appellant, and HARTFORD ACCIDENT & INDEMNITY Co., INC., Respondent. GEORGE L. GEORGE et al., Appellants-Respondents, v. AUGUSTUS V. RIEGEL, INC., Respondent-Appellant, and HARTFORD ACCIDENT & INDEMNITY Co., INC., Respondent.—In a consolidated action to recover damages for injuries to plaintiffs' real property in the Town of Greenburgh, Westchester County, caused by the defendant Riegel corporation's blasting operations on adjoining land preparatory to the erection of a building thereon, the complaints allege several causes of action: (1) an action against the Riegel corporation based on its negligence; (2) an action against said corporation based: (a) upon its indemnity bond, on which the defendant Hartford Accident & Indemnity Co., Inc., is the surety, given to the town to insure compliance with the town ordinance and as a condition to obtaining the blasting permit required under the ordinance; (b) upon its violation of the provisions of such ordinance; and (c) upon its breach of its promise or undertaking, pursuant to said ordinance, not to cause damage to any contiguous structure; and (3) an action against the Hartford company as the surety on the bond of the Riegel corporation. The complaints further allege that plaintiffs are third-party beneficiaries under said bond or contract. A jury trial was had. Before submission of the case to the jury the court dismissed, as matter of law, the third-party beneficiary contract causes of action against the Riegel corporation and the Hartford company. Only the negligence cause of action was submitted to the jury, and the jury rendered a verdict of $1,366.15 in favor of the George plaintiffs and $776.60 in favor of the Schlansky plaintiffs, against the Riegel corporation. Thereafter the court, on motion of said defendant, set aside the jury's verdict and granted a new trial as to it. Plaintiffs and defendant Riegel corporation now cross-appeal: Plaintiffs appeal from the judgment of the County Court, Westchester County, rendered June 16, 1959, dismissing the third-party beneficiary contract causes of action, setting aside the jury's verdict

and granting a new trial as to the Riegel corporation. The Riegel corporation appeals: (1) from so much of said judgment as grants a new trial, " as confirms the Court's rulings " made during the trial denying such defendant's several motions to dismiss the complaint and for a directed verdict on the ground that plaintiffs had failed to establish a prima facie case; and (2) from the order of said court, dated June 10, 1959, which grants said defendant's motion to set aside the jury's verdict and for a new trial, but which fails to grant its motions, made during and after the trial, to dismiss the complaints. Judgment modified on the law and the facts by striking out its second decretal paragraph setting aside the jury's verdict and granting a new trial, and by substituting therefor a decretal provision dismissing the complaint of the Schlansky plaintiffs and the complaint of the George plaintiffs. As so modified the judgment is affirmed, without costs. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. Appeal from judgment insofar as it " confirms " rulings made during the trial, dismissed, without costs. No appeal lies from rulings made in the course of the trial. Such rulings are reviewed on the appeal from the judgment. Appeal from order dismissed, without costs, as academic. We agree with the learned Trial Justice that plaintiffs failed to establish negligence on the part of the Riegel corporation in its blasting operations. Such failure of proof, however, requires a dismissal of the complaints. An owner of land, in the course of preparing his land for a lawful purpose, has the right to have necessary blasting of rock done thereon, bearing in mind that blasting for such purpose is only a temporary annoyance or injury to his neighbors. Such owner is not liable for damage to his neighbors' structures caused by a concussion generated by the blasting, in the absence of proof of negligence in the performance of the blasting. Despite the injury to neighboring property, such blasting, without proof of negligence, is *dammum absque injuria*. This rule is based upon the public policy of promoting " the building up of towns and cities and the improvement of property " (*Booth* v. *Rome, Watertown & Ogdensburg Term. R. R. Co.*, 140 N. Y. 267, 281; see, also, *Holland House Co.* v. *Baird*, 169 N. Y. 136; *Shemin* v. *City of New York*, 6 A D 2d 668; *Viele* v. *Mack Paving & Constr. Co.*, 144 App. Div. 694). In the absence of proof as to the quantities of the explosives used and as to the manner in which the blasting was conducted, there was no basis upon which it could have been found that the Riegel corporation had been negligent or that it had violated paragraph c or f of section 9 of article II of the Fire Prevention Code of the Town of Greenburgh. Moreover, as to said paragraph f, it was not shown that the rock was " contiguous " to either house. Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.