Chief Judge Desmond.
Bach pair of plaintiffs owns a residence in Scarsdale, N. Y., which was damaged (without physical trespass) by vibration and concussion resulting from blasting operations carried on by defendant-respondent itiegel preparatory to construction of a building on a lot which adjoins at the rear the lots owned by plaintiffs. The distance from the blasting area to each of the houses was 40 feet or more. The jury gave the plaintiffs a verdict in each action but the trial court set each verdict aside for failure of proof and ordered a new trial in each action. The Appellate Division agreed that negligence had not been established in either case but held that this deficiency in proof required dismissal of the complaints. The Appellate Division’s reasoning is set forth in this excerpt from its opinion: ‘ ‘ Such owner is not liable for damage to his neighbors ’ structures caused by a concussion generated by the blasting, in the absence of proof of negligence in the performance of the blasting. Despite the injury to neighboring property, such blasting, without proof of negligence, is damnum absque injuria. This rule is based upon the public policy of promoting ‘ the building up of towns and cities and the improvement of property ’ (Booth v. Rome, Watertown & Ogdensburg Term. R. R. Co., 140 N. Y. 267, 281; see, also, Holland House Co. v. Baird, 169 N. Y. 136; Shemin v. City of New York, 6 A D 2d 668; Viele v. Mack Paving & Constr. Co., 144 App. Div. 694).”
Plaintiffs-appellants press for a “reexamination and reappraisal ” of the New York case law which imposes strict liability for blasting damage when there is physical trespass but insists on proof of negligence in the blasting when no flying debris is cast onto a plaintiff’s premises. Were the question properly before us we would have to decide whether the present New York rule should be modified so as to conform to the more widely (indeed almost universally) approved doctrine that a blaster is absolutely liable for any damages he causes, with or without trespass (see, for instance, Brown v. Lunder Constr. Co., 240 *497 Wis. 122; FitzSimons & Connell Co. v. Braun & Fitts, 199 Ill. 390; Whitman Hotel Corp. v. Elliott & Watrous Eng. Co., 137 Conn. 562; Baier v. Glen Alden Coal Co., 332 Pa. 561; Exner v. Sherman Power Constr. Co., 54 F. 2d 510, 513 [2d Cir.]). But this record does not raise the question. Each of these suits was sued, tried and given by the court to the jury (without objection) on the theory that proof of negligence was necessary for recovery. Such became the law of the case (Buckin v. Long Is. R. R. Co., 286 N. Y. 146).
We hold, however, that there is prima facie proof of negligence in this record and that the dismissal of the complaints was erroneous. Directly in point is Brown v. Rockefeller Center (289 U. Y. 729) where we unanimously sustained a plaintiff’s verdict for personal injuries sustained in a building which was rocked by a nearby (100 feet away) blast. In the Brown case, as in these cases, there was produced a blasting expert who in answer to a hypothetical question and on the basis of an inspection of the site stated an opinion that more explosive powder was used than was necessary. Here, as it was in the Brown case, it is argued that the expert’s opinion was valueless since he did not know the method of blasting or the strength of the charges used or the character of the soil or rock. Such a criticism is unjustified. Here, as in Brown, the expert’s qualifications were established and he stated that from the situation which he observed and the facts contained in the hypothetical question he was able to express an opinion with reasonable certainty. That permitted the taking of his opinion and his lack of further information affected the weight but not the admissibility of his evidence.
Furtherinore, there was in addition to the testimony of Professor Boshkov other evidentiary basis on the trial for the jury’s finding of negligence. Mrs. Schlansky swore that the “ noise was deafening ”, that the blasts were numerous and that the house, which had been in good condition, shook so that cracks appeared in many parts of the structure. Mrs. George swore to “ positively terrifying ” blasts that caused her whole house to shudder. On one occasion (this was not disputed) a representative of defendant was present when there was a big blast followed by the opening up of a large crack in a wall. At another time parts of ceilings fell in two rooms of the Schlansky house. Large cracks appeared in various walls as blasts were heard and *498 felt. Defendant called no witnesses at all. It is significant that one of its officers subpoenaed by plaintiffs to produce defendant’s records testified that “ There is no record of when we blasted, what days and what dynamite and materials was used. ’ ’ The testimony just above summarized was in itself some basis for the finding of negligence — that is, of the setting off of unnecessarily violent charges. Even the Booth rule, strict as it is, concedes that the omission to use less powerful blasts, if it were possible to do so, could be considered negligence (Booth v. Rome, Watertown & Ogdensburg Term. R. R. Co., 140 N. Y. 267, 270).
Defendant argues that Brown v. Rockefeller Center (289 N. Y. 729, supra) is distinguishable as a case where ‘ ‘ one tremendous blast resulted in such extensive damage that the jury could infer that the blasting must have been negligently done.” But there is nothing in the Broion case to suggest that such was the basis of the holding that negligence had been shown. It does not appear in the Brown record that there was just one tremendous blast or that really extensive property damage was caused. It would be strange if a blaster would be held liable for one excessive blast and excused from the consequences of a number of such explosions. The testimony by these homeowners described many explosions and a refusal of defendant to abate them despite protests.
Many years ago (1916) in Kaninsky v. Purcell & Gilfeather (158 N. Y. S. 165) the then Justice Lehman, later our Chief Judge, wrote this: “It is well established in this state that there is no liability for consequential injuries caused by a concussion, without proof of negligence, and the mere fact that a blasting causes injury upon adjacent premises gives rise to no presumption that the blasting was negligently performed. In all the cases cited upon the briefs, or which I can now remember, a recovery has been permitted to stand only where the plaintiff has shown the manner in which the blast was actually set off, coupled with further proof that the method used was negligent. Nevertheless it seems quite certain to me that, where the testimony of the results and surrounding circumstances of a blast is so strong that, under ordinary circumstances, such a result could not have occurred unless the blasting was negligently per *499 formed, a prima facie case of negligence is made out. Such testimony, however, must undoubtedly clearly show facts which will legitimately lead to this inference, and the rule that the injured party must affirmatively show negligence cannot be disregarded.”
In 1918 Justice Finch, later an Associate Judge of this court, in a nontrespass blasting case (Interborough R. T. Co. v. Williams, 168 N. Y. S. 688) expressed the view that without other proof of negligence a jury question was presented by a showing that the explosions were so powerful as to do great damage.
Both Chief Judge Lehman and Judge Finch took part in the decision in the Brown case (supra) in this court. We see no reason why the Brown holding should not be considered direct authority for a reversal here.
We agree with defendant that there is no sufficient proof of violation of the town’s Fire Prevention Code and that the jury’s finding of negligence could not be related to those regulations.
The judgments should be reversed and the verdicts of the jury reinstated, with costs in all courts.