# Derry Coal & Coke Company to use *v.* Kerbaugh, Appellant.

*Negligence—Explosion of dynamite—Dynamite—Degree of care—Evidence.*

While the possession of dynamite to be used for lawful purposes is neither unlawful nor negligent, the person in possession of it is, as to third parties, bound to the highest degree of care, and failure to take any reasonable precaution to prevent explosion of it while in storage is negligence.

In an action to recover damages for injuries to houses caused by the explosion of dynamite, the case is for the jury and a verdict and judgment for plaintiff will be sustained, where the evidence shows that the dynamite was stored in a small building fifteen feet square and seven feet high, that there was a red hot stove in the building within a few inches of the dynamite, that explosive caps were on the floor, and that such a storage of dynamite was unsafe and involved a condition from which an explosion might result.

Argued Oct. 7, 1908. Appeal, No. 207, Oct. T., 1908, by defendant, from judgment of C. P. Westmoreland Co., Feb. T., 1908, No. 648, on verdict for plaintiff in case of Derry Coal & Coke Company to use of E. F. Saxman v. H. S. Kerbaugh, incorporated. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for injuries to houses. Before VAN SWEARINGEN, J., specially presiding.

At the trial the court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $1,600. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*John E. Kunkle,* with him *Edward E. Robbins,* for appellant.—Where, in an action of negligence, the only evidence as to the cause of the accident is such as is derived by inference from conditions existing after the occurrence, and these conditions suggest several causes, either of which operating by itself would have been adequate to the result, and the defendant is without responsibility except as to one, there can be no recovery unless the conditions point to the cause to which defendant's responsibility attaches, with such degree of certainty as would justify a jury in finding it to have been the proximate cause: Ott v. Boggs, 219 Pa. 614; Baker v. Irish, 172 Pa. 528; Stringert v. Ross Twp., 179 Pa. 614; Cosulich v. Standard Oil Co., 122 N. Y. 118 (25 N. E. Repr. 259); Donahue v. Kelly, 181 Pa. 93; Tuckachinsky v. Coal Co., 199 Pa. 515; Sowers v. McManus, 214 Pa. 244; Tex. & Pac. Ry. v. Barrett, 166 U. S. 617 (17 Sup. Ct. Repr. 707).

It is a fundamental principle applicable alike to breaches of contracts and torts, that in order to found a right of action there must be a wrongful act done and a loss resulting from that wrongful act; the wrongful act must be the act of the defendant and the injury suffered by the plaintiff must be the natural and not merely a remote consequence of the defendant's act. The wrong done and the injury sustained must bear to each other the relation of cause and effect; and the damages whether they arise from withholding a legal right or the breach of a legal duty to be recoverable must be a natural and proximate consequence of the act complained of: McGrew v. Stone, 53 Pa. 436; Worrilow v. Upper Chichester Twp., 149 Pa. 40; Mc-

Cauley v. Logan, 152 Pa. 202; Bannon v. Penna. R. R. Co., 29 Pa. Superior Ct. 231; Behling v. Pipe Lines, 160 Pa. 359; Eisenbrey v. Philadelphia, 24 W. N. C. 231; Neal v. Refining Co., 16 Pa. C. C. Rep. 241; Lodge v. United Gas Imp. Co., 209 Pa. 553; Zahniser v. Penna. Torpedo Co., 190 Pa. 350.

*Paul H. Gaither*, with him *Charles E. Whitten*, for appellee.— Surely there was proof of circumstances which warranted the court in submitting to the jury the question, whether the explosion of the dynamite magazine was due to defendant's negligence in caring for it on March 5, 1904: Shafer v. Lacock, Hawthorne & Co., 168 Pa. 497; Sowers v. McManus, 214 Pa. 244; Stasch v. Bank, 19 Pa. Superior Ct. 113.

OPINION BY MR. JUSTICE FELL, January 4, 1909:

A number of houses owned by the plaintiff were injured by the explosion of dynamite and blasting powder that had been stored in two small frame buildings, near each other and within a half mile of the plaintiff's property. Several tons of dynamite were placed in a building fifteen feet square and seven feet high, in which there was a stove used to heat the building and to thaw dynamite that had frozen. On three sides of the stove there were racks on which the frozen dynamite was placed to thaw it for use. There was testimony tending to show that boxes of dynamite placed on the racks would be from ten inches to two feet from the stove; that twenty minutes before the explosion there were boxes of dynamite on the racks and that the stove was red hot; that dynamite would explode without contact with fire at a temperature of 360 degrees; that it was unsafe to have a red hot stove in a small building where a large quantity of dynamite was stored; that on the floor of the building there were bundles of wires to which were attached dynamite caps, which would explode if trod upon; that a few seconds before the explosion a fireman in charge of the buildings was seen running from them towards men who were working in a cut nearby, waving his hands as though to warn them of danger.

There was no evidence of negligence in the care of the pow-

der house, and the instruction to the jury was that, if the explosion originated in that house, there could be no recovery. The verdict establishes as a fact that the first explosion was in the dynamite house, and the only question to be considered is whether there was sufficient evidence of negligence in storing and handling the dynamite to warrant the submission of the case to the jury.

The exact cause of the explosion was not shown, but the case was not left to the jury to find negligence from the mere fact of the explosion. A condition, entirely under the control of the defendant, was shown, to which as a producing cause the explosion might be attributed. The presence of a red hot stove in a small building and within a few inches of the dynamite and of explosive caps on the floor was under the testimony an unsafe condition, from which an explosion might result. In the recent case of Sowers v. McManus, 214 Pa. 244, it was said: "While the possession of dynamite to be used for lawful purposes is neither unlawful nor negligent, the person in possession of it is, as to third parties, bound to the highest degree of care, and failure to take any reasonable precaution to prevent explosion of it while in storage is negligence." No explanation of the cause of the explosion was furnished by the defendant and it was left to the jury to accept the theory of the plaintiff, based on affirmative evidence of negligent acts, or that of an unaccountable accident advanced by the defendant.

The judgment is affirmed.