# Richmond

LOTHAR F. RIEDER, AN INFANT, ETC. V. GARFIELD MANOR
CORPORATION, ETC.

March 14, 1935.

Present, All the Justices.

The opinion states the case.

*Amos C. Crounse, H. W. Dudley* and *Frank L. Ball,* for the plaintiff in error.

*Charles Henry Smith, C. R. Ahalt* and *John Locke Green,* for the defendant in error.

EPES, J., delivered the opinion of the court.

This is an action of trespass on the case brought by Lothar F. Rieder, an infant, who sues by Frederick Rieder, his next friend, against Garfield Manor Corporation. The injury complained of occurred on September 1, 1931, at which time plaintiff was seven years and three months old. The material allegations made in the declaration are as follows:

The defendant owned, maintained and controlled a small building in which it stored certain tools and utensils and also some fuse caps, which it knew to be violently explosive when tampered with. There were a number of dwelling

houses in the vicinity of this building; and the defendant knew that the parcel of land upon which this building stood was used and frequented by children living in its vicinity.

" * * * in disregard of its duty in that behalf [the defendant] so carelessly and negligently kept the door to said * * * building so loosely fastened, that the said plaintiff * * * while playing with other children of tender years, on said tract of land, and around and near said * * * building, entered said * * * building through the door thereof, and * * * not knowing what said fuse caps * * * were, or that said fuse caps * * * contained explosive matter, * * * took some of said fuse caps * * * in his hands, one of which * * * exploded in the [his] hands * * * with such force and violence that * * * his left hand and other parts of his body were severely * * * injured."

Upon motion of the defendant the court struck out all the plaintiff's evidence on the ground that it was insufficient to support a verdict finding that the defendant was guilty of any negligence. The jury returned a verdict for the defendant upon which the court entered judgment dismissing the action.

The action of the court in striking out all the plaintiff's evidence is assigned as error. We find no error in the court's action in so doing.

The plaintiff's own evidence shows the following pertinent facts. A short time prior to September 1, the plaintiff had broken the padlock on the door to this building and entered it. When the defendant discovered that the lock had been broken, it fastened the door with a hasp and staple, drove some large nails in the door above the hasp, and bent them over the hasp to prevent its being lifted. A few days prior to September 1st, an older boy, Leonard Thrasher, had entered this building and taken therefrom some fuse caps, which he and other boys in the presence of the plaintiff exploded by wrapping paper around them and setting the paper afire. This boy told the plaintiff where he had gotten these caps. On the day he was injured the plaintiff went to this building for the purpose of getting some of these

caps. Finding the door fastened in the manner above stated, he took a stone and using it bent the nails up so as to permit him to lift the hasp, then unfasten the door and enter the building. The caps were stored in a box placed upon a rafter that was about ten feet above the floor. He climbed up on an automobile truck that was stored in the building and thus reached the box of caps which he took and carried away. He carried them around with him for a while and then showed the box of caps to some older boys. One of them told him to put them back where he had found them, "because they might explode in your pocket." Finally he took the box back and put it up on the rafter from which he had gotten it; but before doing so took out and kept several of the caps.

He came back to where the boys were, began picking at the inside of one of the caps with a match stick, and remarked "how hard it was inside." Thereupon, one of the boys, Leonard Thrasher, told the plaintiff "to pick inside of it [with a knife] and see what happened." The plaintiff did so and it exploded, injuring him.

 There is much evidence as to the flimsy construction and general disrepair of this building; but plainly there was no causal connection between the flimsy construction and disrepair of the building and the entry of it by the plaintiff. He entered through the door and to do so had to and did forcibly break the fastening of the door. The defendant had used reasonable care to make this door secure against the entry of children; and is not chargeable with negligence because it did not so secure the door so as to make it impossible for a seven-year-old boy, on mischief bent, to forcibly break the fastening and enter the building.

*Affirmed.*