[Civ. No. 10807. First Appellate District, Division Two.—May 2, 1939.]

LOUISE PETERS et al., Appellants, v. PIONEER LAUNDRY COMPANY (a Corporation), Respondent.

Jesse E. Nichols and Paul B. Richard for Appellants.

Weinmann, Quayle & Berry for Respondent.

STURTEVANT, J.—In an action tried before the trial court sitting with a jury the plaintiff Louise Peters and her minor children sued to recover damages for the death of

Manuel Peters, the husband of Louise and the father of said minors. After all of the evidence had been received and after both parties had rested the defendant made a motion that the jury be directed to bring in a verdict in favor of the defendant. The motion was granted and from the judgment the plaintiffs have appealed. They contend that the doctrine of *res ipsa loquitur* was applicable in the trial of said action and that therefore it was improper for the trial court to direct a verdict.

At all times herein mentioned the defendant was the proprietor and operating a laundry in the city of Emeryville in the county of Alameda. The business of the defendant was divided into departments. It conducted a laundry business, a cleaning business, and perhaps some other departments. Its plant was so constructed that buildings extended around the exterior portions of its lot. In what might be called the middle portion of the lot there were no buildings but there was an open space. Generally speaking it was the dirt surface crossed in places by brick or wooden walks. In the southeast corner of the open lot there were tanks embedded in the ground. One tank had been used to hold Stoddard cleaning solvent. In the latter part of January, 1936, it was found that water was entering that tank and the defendant commenced to prevent that condition. On Friday, January 24, 1936, the top soil was removed and it was then ascertained that water was not leaking through the top. On Monday morning, January 27th, the tank had been pumped empty and the pipes connected with the tank had been disconnected. There were then four open holes in the top where the tops had been disconnected. With the tank in that condition the officers of the defendant communicated with Thomas Brackett, a contractor engaged in excavation work, requesting him to call at the plant. Shortly thereafter Patrick Brackett, the agent of Thomas Brackett, together with Manuel Peters, appeared at the plant. They took shovels, picks, cable, and perhaps some other tools. Fred W. Weiss, the president of the defendant corporation, met them and took both out into the yard. As they were walking out Mr. Weiss testified he told Mr. Brackett he had a gas tank, a solvent tank, he wanted taken out and asked him if he did that kind of work. Mr. Brackett said they did anything. Mr. Weiss pointed out the tank he wanted removed and, shortly thereafter, he left the premises. Thereupon

Mr. Brackett turned to Manuel Peters and told him to bring in the tools. Peters did so and at once went to work digging a trench around the tank. He commenced to dig at approximately 9 o'clock and about 11 o'clock he had sunk the trench two or three feet deep. The evidence discloses that the tank had a capacity of about 500 gallons and that it was about six feet high. The evidence shows the bottom of the trench as dug was at least three feet above the bottom of the tank. While Peters was so engaged in sinking the trench, at about 11 o'clock, the top of the tank was blown off by an explosion. Peters was knocked over on the side of the trench and killed. John A. Biedman, one of the officers of the defendant company, was knocked down and seriously injured. Edward Weiss, an employee of the company, was knocked over against a fence and seriously injured.

The plaintiffs contend that the tank which caused the injury was shown to be under the management of the defendant company and the accident was such as in the ordinary course of things does not happen if those who have the management use proper care and therefore the doctrine of *res ipsa loquitur* was applicable to the trial of the action.

The evidence is without conflict that for some time prior to the accident Manuel Peters had, from time to time, acted as an employee of Thomas Brackett and that never prior to January 27, 1936, had he done or performed any work on the premises of the defendant company. After he arrived at the plant on the date last mentioned the evidence shows no officer or employee of the defendant gave or offered to give him any directions regarding the work to be done, or controlled or attempted to control the performance of said work by said Peters in any manner whatsoever. There is no evidence showing the defendant company had any right to control or direct Peters in the performance of his work nor, during said period of time, did defendant's agents or employees do any work on or adjacent to said tank.

That, prior to January 27, 1936, the tank was under the exclusive management of the defendant is not controverted. However, after the tank had been disconnected and from the time Patrick Brackett and the decedent received the directions of Fred Weiss, as hereinabove stated, we think it is equally clear the tank no longer was under the exclusive management of the defendant. But, on the other hand, for all of the purposes of excavating the tank and drawing it

up into the yard, it was under the management of Thomas Brackett, the contractor. Therefore, the doctrine of *res ipsa loquitur* was not applicable to the trial of the action. (*Hubbert* v. *Aztec Brewing Co.*, 26 Cal. App. (2d) 664, 688–690 [80 Pac. (2d) 185, 1016].) We note that the plaintiffs contend the Hubbert case and the other authorities relied on by the defendant are not applicable because in the instant case the decedent, Manuel Peters, did not have the manual management and control of the tank. But an examination of said authorities discloses they do not turn on that distinction. (*Biddlecomb* v. *Haydon,* 4 Cal. App. (2d) 361 [40 Pac. (2d) 873].)

■ Finally, the plaintiffs contend the decedent, Peters, was an invitee and that the defendant owed him the duty of exercising ordinary care for his safety. The defendant concedes he was an invitee and, in all we have said above, we have assumed he was an invitee and that the defendant was bound to exercise ordinary care. But we have shown that there was no direct evidence that it did not exercise ordinary care; and that, under the facts shown in the record, we are not warranted in indulging in any inferences that it did not do so.

The trial court did not err in directing the verdict. The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.