## FAIRFAX INN, Inc. v. SUNNYHILL MINING CO.

### Civil Action No. 203–E.

United States District Court,
N. D. West Virginia.

June 8, 1951.

R. Doyne Halbritter, James T. Dailey, Jr., Kingwood, W. Va., L. Baker Fowler, Elkins, W. Va., for plaintiff.

Jacob S. Hyer and Donald K. Crawford, Elkins, W. Va., for defendant.

BAKER, Chief Judge.

This action is based upon alleged damages caused to the property of the plaintiff by the defendant. It is claimed that this damage resulted when the defendant blasted with dynamite on defendant's property and the concussion therefrom injured the plaintiff's property. There is no allegation that the blasting cast any rocks or other debris upon the plaintiff's property. The complaint sets forth three causes of action; first, it alleges that the defendant was negligent in its blasting operations and so injured the plaintiff; second, it alleges that the defendant, even though not negligent, used such a dangerous instrumentality that he is liable to the plaintiff in the absence of proof of negligence; third, it alleges that the defendant's conduct constituted a nuisance.

The defendant has filed a motion to dismiss. The defendant first asserts that the complaint does not comply with the Federal Rules of Civil Procedure, 28 U.S.C.A., in that it sets forth three separate causes of action. I feel that the complaint complies with Rule 8 of the Rules of Civil Procedure in all essential respects.

Second, the defendant asserts that the cause of action at the time the suit was instituted was barred by the Statute of Limitations. This being an injury to real property, the one-year Statute of Limitations does not apply, and I hold that this action was instituted within the time permitted by West Virginia law.

The third and principal attack upon the complaint goes to the theory alleged in the second and third causes of action, that the defendant is liable even if he acted without negligence. There is a division of judicial opinion among the courts of this country on this question. Counsel for the defendant and for the plaintiff have each cited numerous cases from other states, which sustain their respective positions. However, counsel were unable to find any West Virginia case directly in point, and my own research has not dis-

closed such a case. Therefore, under the rule in the case of Erie Railway Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 118, I must arrive at a conclusion which I believe to be the law in West Virginia without the guidance of an explicit pronouncement of the Supreme Court of Appeals of this state. In two cases; namely, Weaver Mercantile Co. v. Thurmond, 68 W.Va. 530, 70 S.E. 126, 33 L.R.A., N.S., 1061, and Wigal v. City of Parkersburg, 74 W.Va. 25, 81 S.E. 554, 52 L.R.A., N.S., 465, our Supreme Court dealt with damage resulting upon adjoining property from the impounding of water on the defendant's land. In the first case, the town of Thurmond maintained a wooden tank on a hill above the plaintiff's property. The tank burst and the plaintiff's store was flooded with muddy water. The Court held the defendant liable without any proof of negligence upon its part. In its syllabus, the Court said: "A man is bound to use his premises so as not to injure his neighbor's property."

In Wigal v. City of Parkersburg, supra, an almost identical state of facts existed, although in that case a death resulted from the bursting tank, and the Court said in its syllabus: "In the absence of proof that the breaking of the tank was caused by some superior force, such as an unusual and violent disturbance of the elements or an explosion clandestinely caused, negligence will be inferred from the breaking."

The general principal of law broadly stated in those two cases; namely, that one must not use his property in such a way as to damage another, indicates that the trend in West Virginia is toward imposing liability in a case like the one at bar.

As to the rule at common law in the United States generally, the best exposition that I have found or that has been cited to me is that in the case of Exner v. Sherman Power Construction Co., 2 Cir., 54 F.2d 510, 512, 80 A.L.R. 686. The opinion in that case by Judge Augustus N. Hand, and concurred in by Circuit Judges Learned Hand and Swan, traces the developments in this law and discusses the legal question involved generally as applied in the courts of the United States. This case arose before the Supreme Court decision in Erie Railway Company v. Tompkins. The Court expressly rejected a contention that a state statute was controlling, and decided the matters presented upon the basis of the general American law. In this connection, Judge Hand said: "We may say at the outset that we have been referred to nothing relevant as to this in the Vermont decisions, but they would not control in any event, because the matter is one in which we are at liberty to gather the principle to be applied from the general field of jurisprudence."

This case involved damages resulting from concussion caused by an explosion of dynamite, and the Court of Appeals for the Second Circuit held that there was liability upon the part of the defendant without proof of negligence. In this connection it cited the cases of Weaver Mercantile Co. v. Thurmond, supra, and Wigal v. City of Parkersburg, supra, indicating that that Court at least feels that the law of West Virginia is with the plaintiff in this particular.

Without going into any further detail, I overrule the defendant's motion to dismiss this complaint.

I feel that I should comment upon two cases that defendant's counsel have cited.

One, the case of Reynolds v. W. H. Hinman Co., 75 A.2d 802, is a decision by the Supreme Court of the State of Maine. The holding in that case is clearly at variance with my ruling here. It is my opinion that the cases cited from other jurisdictions outweigh this decision by the Maine Court.

The second case upon which the defendant placed considerable reliance is the West Virginia case of Vaughan v. Miller Bros., 101 Ranch Wild West Show, 109 W.Va. 170, 153 S.E. 289, 69 A.L.R. 497. In this case the plaintiff attended a circus, and a vicious ape on exhibition there bit off his finger. He sued out a writ of attachment on certain property belonging to the circus. The affidavit for the order of attachment did not contain any allegation that the circus had been negligent in the manner in which it confined the ape.

The Circuit Court of Kanawha County quashed the affidavit upon the ground that it did not allege negligence. The Supreme Court of Appeals of our state sustained this action. Counsel for the defendant here seeks to draw an analogy between the duty of one who exhibits a dangerous animal and the duty of one who uses a dangerous instrumentality upon his own premises. The Court, in its opinion, said nothing which would indicate that it considered the problems at all similar. It makes no mention whatever of the two West Virginia cases cited above, dealing with the impounding of water. In fact, the Court talks about nothing except the precise question of the liability of one keeping or exhibiting a dangerous animal.

It also seems to me that there is at least one vital distinction between the Vaughan case and the case at bar. Vaughan, voluntarily and of his own free will, went upon the property of the defendant and placed himself in a position to be injured. The defendant owed him only the duty that devolves upon the owner of property when some one, even though he be an invitee or licensee, comes upon that property. In the case at bar, the defendant caused waves of shock or concussion to travel from his property onto the plaintiff's property.

Counsel for the defendant impliedly admitted in his argument that had debris actually been thrown upon the property of the plaintiff, there would be liability without negligence, but that since the damage is what he terms "consequential," negligence must be alleged and proved. As I stated at the beginning, the authorities on this point are divided. American Jurisprudence, Volume 22, at page 180, states: "According to one theory, since recovery is permitted for damage done by stones or dirt thrown upon one's premises by the force of an explosion upon adjoining premises, there is no valid reason why recovery should not be permitted for damage resulting to the same property from a concussion or vibration sent through the earth or the air by the same explosion. There is really as much a physical invasion of the property in one case as there is in the other; and the fact that the explosion causes stones or other debris to be thrown upon the land in one case, and in the other only operates by vibrations or concussions through the earth and air, is held to be immaterial."

With that conclusion I agree. Blasting is necessarily and inherently dangerous and, hence, one who undertakes to blast so near to another's property as to be liable to cause damage must assume the risk for any damage resulting from vibration or concussions, irrespective of negligence.

Counsel may present an order overruling the motion to dismiss.