JAMES POPE, *An Infant, Etc.*

*v.*

EDWARD M. RUDE CARRIER CORP., *Et Al.*

(CC 797)

Submitted January 27, 1953.    Decided April 21, 1953.

*Mason* and *Mason, James M. Mason III, F. Dean Nich-ols,* for plaintiff.

*Steptoe* and *Johnson, Oscar J. Andre, Harry H. Byrer, Harry H. Byrer, Jr.,* for defendant Edward M. Rude Carrier Corporation.

*Martin* and *Seibert, Clarence E. Martin, Clarence E. Martin, Jr.,* for defendant E. I. du Pont De Nemours & Co.

HAYMOND, PRESIDENT:

The plaintiff, James Pope, an infant, who sues by Gaynelle Pope, his next friend, instituted this action of trespass on the case in the Circuit Court of Jefferson County to recover from the defendants, Edward M. Rude Carrier Corporation, herein designated as Rude, a licensed contract carrier, and E. I. du Pont de Nemours and Company, herein designated as Du Pont, a manufacturer and shipper of explosives, damages in the sum of $3,000 for injuries alleged to have resulted to the plaintiff from an explosion which occurred while a shipment of dynamite was being transported on a public highway in Jefferson County, West Virginia, on February 1, 1951.

To the declaration which is in three counts each defendant filed a separate written demurrer in which it challenged the sufficiency of the declaration and each of its counts on numerous specified grounds. The circuit court overruled each demurrer and on its own motion certified its rulings to this Court.

The first count of the declaration is based on the theory that the transportation by the defendant Rude, a licensed contract carrier, upon a public highway in Jefferson County, in an interstate journey, of dynamite manufactured and shipped by the defendant Du Pont, constituted a public nuisance and that each of the defendants is liable for personal injuries sustained by the plaintiff and proximately caused by such nuisance.

The first count charges in substance that on February 1, 1951, the defendant Rude, under authority of the Interstate Commerce Commission as a contract carrier of goods and chattels, operated a certain motor vehicle or truck over a public highway in Jefferson County, West

Virginia, between the towns of Bolivar and Charles Town; that the defendant Du Pont was engaged in the manufacture, sale and delivery of high explosives from its plants outside of Jefferson County, West Virginia; that the defendant Rude was engaged in the transportation of high explosives for the defendant Du Pont as its agent, servant and employee and as such was acting for and in behalf of the defendant Du Pont; that the transportation of such explosives over the highway of the State of West Virginia by the defendant Rude, as the agent, servant and employee of the defendant Du Pont, constituted a public nuisance; that the plaintiff was entitled to immunity from any injury and the defendants Rude and Du Pont owed him the duty. of securing him immunity against injury from the maintenance of such nuisance; that notwithstanding the duty owed to the plaintiff by the defendants not to maintain such nuisance the defendants maintained such nuisance as would endanger the plaintiff by engaging in the transportation of such high explosives over the public highways of this State; that while the defendants were so engaged in maintaining such nuisance the motor vehicle or truck used in the transportation of such explosives over a highway of this State adjacent and near to the lands of the plaintiff, on which are located his dwelling and other outbuildings, exploded with great force and violence; and that by means of such explosion the plaintiff sustained severe, painful and permanent injuries to his person.

The second count of the declaration is based on the theory that under the doctrine of res ipsa loquitur the defendants are liable to the plaintiff for the injuries sustained by him as the result of the explosion.

The second count charges in substance that on February 1, 1951, the defendant Rude, under authority of the Interstate Commerce Commission as a contract carrier for hire of goods and chattels, operated a certain motor vehicle or truck over a public highway in Jeffer-

son County, West Virginia, between the towns of Bolivar and Charles Town; that the defendant Du Pont was engaged in the manufacture, sale and delivery of high explosives from its plants outside of Jefferson County, West Virginia; that the defendant Du Pont engaged the defendant Rude, as its agent, servant and employee, to transport a shipment of high explosives from its plant outside the State of West Virginia to a place also outside this State; that the defendant Rude, through its agents, servants and employees, acting within the scope of its employment, operated and drove a heavy automobile truck, owned by it, on a public highway leading from Bolivar through the town of Halltown in Jefferson County, West Virginia, in transporting fourteen tons of dynamite for delivery to purchasers designated by the defendant Du Pont; that all types of high explosives are dangerous instrumentalities but when manufactured, transported, handled and used with care may be employed without necessarily injuring or destroying private property; that it was the duty of the defendant Rude, acting as the agent, servant and employee of the defendant Du Pont, to use reasonable care in the operation of such motor vehicle or truck in transporting such explosives to prevent explosion and injury to the person and the property of the plaintiff; that the defendants by and through their agents, servants and employees, while in exclusive charge and control of such motor vehicle or truck in transporting such explosives, near the town of Halltown, so negligently and carelessly operated such motor vehicle or truck and so negligently and carelessly transported, cared for and handled such high explosives, that they exploded with great force and violence and damaged the property of the plaintiff and caused him to sustain serious injuries to his person; that prior to and at the time of such explosion such motor vehicle or truck and high explosives were under the sole and exclusive management of the defendants, through their agents, servants and employees, acting within the scope of their authority; that plaintiff is without knowledge of the

precise acts or omissions which caused such explosion, but that such explosion would not have ordinarily occurred unless the defendants, acting through their agents, servants and employees, had failed to exercise due care in the management, control and operation of such motor vehicle or truck; and that the injury and the damage which resulted to the plaintiff were directly and proximately caused by negligence on the part of the defendants, by their agents, servants and employees while acting within the scope of their authority.

The third and final count of the declaration is based on the theory that in the transportation of the shipment of high explosives the defendants, though not guilty of negligence, are subject to an absolute duty to transport such explosives safely and are absolutely liable for damages for any injury which resulted from an explosion while such explosives were being transported upon a public highway in this State.

The third count charges in substance that on February 1, 1951, the defendant Rude, under authority of the Interstate Commerce Commission as a contract carrier for hire of goods and chattels, operated a certain motor vehicle or truck over a public highway in Jefferson County, West Virginia; that the defendant Du Pont was engaged in the manufacture, sale and delivery of high explosives from its plants outside of Jefferson County, West Virginia; that the defendant Du Pont engaged the defendant Rude as its agent, servant and employee to transport a shipment of high explosives from its plant outside the State of West Virginia to a place also outside this State; that the defendant Rude, as the agent, servant and employee of the defendant Du Pont, acting within the scope of its employment, by its agents, servants and employees, operated and drove a heavy automobile truck, owned by it, on a public highway leading from Bolivar to the town of Halltown in Jefferson County, West Virginia, in transporting fourteen tons of dynamite for delivery to purchasers designated by the

224

defendant Du Pont; that it was the absolute duty of the defendant Rude, as the agent, servant and employee of the defendant Du Pont, by its agents, servants and employees, to operate its motor vehicle or truck and transport and care for such high explosives, while transporting them upon such public highway, so as to prevent an explosion which would damage the property or injure the person of the plaintiff; that notwithstanding such absolute duty of the defendants while such motor vehicle or truck was in the exclusive control of the defendants and was operated by them in transporting such high explosives upon such public highway, an explosion of great force and violence occurred which severely, painfully and permanently injured the plaintiff in his person.

The certificate of the circuit court undertakes to present the question whether the relation between the defendant Du Pont and the defendant Rude at the time of the occurrence of the injuries of which the plaintiff complains was that of employer and independent contractor and the question whether a shipment of explosives in interstate commerce is subject to the regulations of the Interstate Commerce Commission to the extent that the law of this State does not apply to such shipment. As each count of the declaration, however, clearly, positively and definitely charges that the relation between the defendants was that of master and servant, and as the material allegations of each count to that effect must be regarded as true on demurrer, and as the question whether the relation between the defendants was that of employer and independent contractor and the question whether the shipment of the dynamite was exclusively subject to the regulations of the Interstate Commerce Commission were not passed upon by the circuit court, those questions will not be considered by this Court upon the present certificate. *Means* v. *Kidd,* 136 W. Va. 514, 67 S. E. 2d 740; *Weatherford* v. *Arter,* 135 W. Va. 391, 63 S. E. 2d 572.

The numerous matters embraced in the certificate, as summarized, present these three questions:

(1) Whether the interstate transportation by the defendant Rude, a licensed contract carrier for hire, as the agent, servant and employee of the defendant Du Pont, in a motor vehicle upon a public highway in this State, of dynamite, a high explosive, manufactured and shipped by the defendant Du Pont, constitutes a public nuisance.

(2) Whether the doctrine of res ipsa loquitur, upon the facts alleged in the second count of the declaration applies, and whether, under that doctrine, upon the facts alleged, the defendants are, or either of them is, liable to the plaintiff.

(3) Whether a licensed contract carrier for hire as the agent, servant and employee of a manufacturer and shipper of high explosives in the interstate transportation of dynamite, a high explosive, in a motor vehicle upon a public highway in this State, and the manufacturer and shipper of such high explosive are, or either of them is, absolutely liable to a third person for injuries resulting from an explosion which occurs while such high explosive is being so transported.

The plaintiff contends that the transportation by the defendant Rude, a licensed contract carrier, as the agent of the defendant Du Pont, a manufacturer and shipper of high explosives, of the shipment of dynamite by motor vehicle upon a public highway of this State in an interstate journey, as alleged in the first count of the declaration, constituted a public nuisance and that both defendants are liable to the plaintiff for the injuries which resulted from the explosion.

"In legal phraseology the term 'nuisance' is applied to that class of wrongs which arises from the unreasonable, unwarrantable, or unlawful use by a person of his own property and produces such material annoyance, inconvenience, discomfort, or hurt that the law will presume a consequent damage." 39 Am. Jur., Nuisances, Section 2. A nuisance is incapable of an exact and complete definition which will apply to all cases for the

reason that the material facts are generally different and each case depends upon its own particular facts. 39 Am. Jur., Nuisances, Section 2. Nuisances may be either public or private. 39 Am. Jur., Nuisances, Section 7. "Public nuisances always arise out of unlawful acts, and that which is lawful, or is authorized by a valid statute, or which the public convenience imperatively demands, cannot be a public nuisance." 39 Am. Jur., Nuisances, Section 8.

Under the allegations of the first count the defendant Rude, a licensed contract carrier, under an act of Congress and pursuant to regulations of the Interstate Commerce Commission, and under the laws of this State, had the right to receive and transport, in an interstate journey by motor vehicle upon the public highways of this State, the dynamite which it was transporting at the time of the explosion. The defendant Du Pont also had the right to manufacture and ship the dynamite and to employ the defendant Rude, as its agent, to transport it in an interstate journey upon the public highways of this State. The manufacture and the shipment of dynamite and its transportation by carrier are lawful and essential business enterprises. High explosives, such as dynamite, are valuable, important and necessary articles of commerce and industry. Without their manufacture and transportation for many essential uses the economy of the nation would be restricted and impaired. There is no allegation that either defendant in manufacturing, shipping or transporting the dynamite before or at the time of the explosion violated any provision of any law of the United States or of this State or any valid regulation imposed by the authority of either of them, or that the design or the construction of the equipment used was faulty or improper, or that there was any delay in transporting the shipment or any undue stoppage in the movement of the truck or any storage of the dynamite which would imperil the safety of the public or subject the dynamite to any unnecessary hazard which would cause it to explode.

It is generally recognized that dynamite may be loaded and transported with perfect safety if adequate care is used to prevent heat and concussion. "Loading dynamite, gasoline, gunpowder, naphtha, and other inflammable or explosive substances for transportation is necessary to commerce and is not a nuisance." Headnote 3, *Joseph R. Foard Company of Baltimore City* v. *State of Maryland*, 4 Cir., 219 F. 827. If the loading for transportation of dynamite and other inflammable or explosive substances, is not a nuisance, the mere transportation, by a licensed contract carrier as the agent of a manufacturer and shipper, in a proper motor vehicle upon a public highway, of dynamite, a necessary article of commerce and a substance which the public convenience imperatively demands, is likewise not a nuisance. In *Ingrid* v. *Central Railroad Company of New Jersey*, 2 Cir., 216 F. 72, 991, L. R. A. 1916B, 716, certiorari denied, 238 U. S. 615, 35 S. Ct. 284, 59 L. Ed. 1490, in which an explosion of dynamite occured while some of it was being transported from a railroad car, which had remained on a pier for six days, to a nearby ship, the United States Circuit Court of Appeals of the Second Circuit held that the transfer of the dynamite from the pier did not create a nuisance which would render the parties involved liable, when it appeared that the place at which such transfer occurred was a' mile from the nearest property or street. The court also concluded that the keeping of the car on the pier for six days before the dynamite could be received on board the ship was not a storage, but was a part of the transportation, of the dynamite.

In the leading case of *Fort Worth and Denver City Railway Company* v. *Beauchamp*, 95 Tex. 496, 68 S. W. 502, 58 L. R. A. 716, 93 Am. St. Rep. 864, in which the court said that a railroad company, by failing to use ordinary care, permitted a car containing explosives consisting of powder and giant powder to be unnecessarily or unreasonably delayed at its station, and by such con-

duct created a nuisance which rendered it liable for damages caused by an explosion, the opinion contains this language: " * * * it is not contended, and can not be held, that the mere fact that a railroad company has in its cars, for transportation, explosives of this character, makes it guilty of creating a nuisance, either public or private, even though danger to persons or property along its line be necessarily incident to such transportation. Such articles are property useful for some purposes, and common carriers are under legal obligations to receive and properly carry them. *Walker* v. *Railway*, 33 N. W. Rep., 224. In this, the case of a common carrier differs from those of owners of mills, magazines, or other places where such explosives are voluntarily manufactured or stored in such way as to unreasonably endanger the persons or property of the public or of neighboring property owners. Such places are generally held to be nuisances, the mere existence and maintenance of which render their owners liable for damages resulting from explosions, without regard to the degree of care exercised in keeping them. *Wier's App.*, 74 Pa. St., 230; *Cheatham* v. *Shearon*, 1 Swan, 213; *Meyers* v. *Malcolm*, 6 Hill, 292; *Heeg* v. *Licht*, 80 N. Y. 579. But a railroad company must carry freight of this character over its road, and such dangers as necessarily result to others from the proper and reasonable performance of this duty must be borne by them as an unavoidable incident of the proper transaction of legitimate business."

There is no valid distinction, in logic or in law, between the nature of the act of transportation of high explosives by a common carrier, by rail or by water, and the nature of the same act of transportation of such explosives by a contract carrier by motor vehicle over a public highway. The only difference between the transportation of dynamite by a common carrier by rail or by water and the transportation of the same dynamite by a licensed contract carrier by motor vehicle, when conducted in substantially the same manner, consists in

the various means of conveyance employed by each; and that difference is of no importance with respect to the character of the liability to which each of them is subjected by law. If each of them, in the transportation of explosives, creates or maintains a nuisance, the liability for such nuisance attaches to each of them alike; and if each of them negligently transports such substances the liability for the consequences of its negligence likewise extends to each of them. If, as the foregoing authorities state, the mere transportation of high explosives by a railroad company does not constitute a nuisance, the mere transportation of dynamite, a high explosive, in a motor vehicle upon a public highway by a contract carrier, as the agent of a manufacturer and shipper, likewise does not constitute a nuisance. The first count of the declaration, which in effect alleges that the transportation by a licensed contract carrier, as the agent of a manufacturer and shipper of high explosives, of a shipment of dynamite by motor vehicle upon a public highway of this State in an interstate journey, constituted a nuisance which was the proximate cause of the injuries complained of, does not state sufficient facts to establish the creation or the maintenance of a nuisance by such carrier or such manufacturer and shipper which would render them liable for damages caused by an explosion occurring during such transportation and, for that reason, that count is fatally defective on demurrer.

The doctrine of res ipsa loquitur is that when a person who is without fault is injured by an instrumentality at the time within the exclusive control of another person and the injury is such as in the ordinary course of events does not occur if the person who has control uses due care, the injury is charged to the failure of such other person to exercise due care. It is based on the lessons of experience that an injury, in the usual course of every day conduct, does not occur if the person who controls an instrumentality which will likely produce injury exercises reasonable care to prevent its occurrence; and it

is given practical effect as a part of the judicial function to administer justice between litigants. *Wright* v. *Valan*, 130 W. Va. 466, 43 S. E. 2d 364; *Hunker* v. *Warner Brothers Theatres*, 115 W. Va. 641, 177 S. E. 629; *Jankey* v. *Hope Natural Gas Company*, 98 W. Va. 412, 127 S. E. 199; *Jones* v. *Riverside Bridge Company*, 70 W. Va. 374, 73 S. E. 942; *Bice* v. *Wheeling Electrical Company*, 62 W. Va. 685, 59 S. E. 626; *Snyder* v. *Wheeling Electrical Company*, 43 W. Va. 661, 28 S. E. 733, 39 L. R. A. 499, 64 Am. St. Rep. 922; *San Juan Light and Transit Company* v. *Requena*, 224 U. S. 89, 32 S. Ct. 399, 56 L. Ed. 680; *Calame* v. *Stevens*, 110 Cal. App. 2d 45, 242 P. 2d 109; Shearman and Redfield, The Law of Negligence, Revised Edition, Zipp, Vol. 1, Section 56; 38 Am. Jur., Negligence, Section 295. The doctrine of res ipsa loquitur is a rule of evidence. *State ex rel. Bennett* v. *Sims,* 131 W. Va. 312, 48 S. E. 2d 13; *Honea* v. *Coca Cola Bottling Company*, 143 Tex. 272, 183 S. W. 2d 968, 160 A. L. R. 1445. It does not dispense with the requirement that negligence must be proved by him who alleges it but relates only to the method of proving such negligence. 22 Am. Jur., Explosions and Explosives, Section 95.

In discussing the doctrine of res ipsa loquitur, 38 Am. Jur., Negligence, Section 295, uses this language: "While the mere fact of an injury will not give rise to a presumption of negligence on the part of anyone, under the doctrine of res ipsa loquitur, an expression which means, literally, the transaction speaks for itself, the facts or circumstances accompanying an injury may be such as to raise a presumption, or at least permit an inference, of negligence on the part of the defendant. The conclusion to be drawn from the cases as to what constitutes the rule of res ipsa loquitur is that proof that the thing which caused the injury to the plaintiff was under the control and management of the defendant, and that the occurrence was such as in the ordinary course of things would not happen if those who had its control or management used proper care, affords sufficient evidence, or,

as sometimes stated by the courts, reasonable evidence, in the absence of explanation by the defendant, that the injury arose from or was caused by the defendant's want of care." As to the application of the doctrine to explosions, the text in 22 Am. Jur., Explosions and Explosives, Section 95, contains these statements: "As in cases of negligent injuries generally, the mere fact of the happening of an explosion furnishes no basis of a presumption of negligence. However, another rule, which is fully treated elsewhere, is frequently applicable to explosion cases. The nature, cause, and circumstances of an injury may furnish occasion for application of the doctrine of res ipsa loquitur. Thus, whenever the thing that exploded is shown to have been under the control and management of the defendant, and the explosion is such a one as, in the ordinary course of events, would not happen if due care is exercised, the fact of injury itself will be deemed to afford sufficient evidence to support a recovery, unless the defendant gives an explanation of the occurrence tending to show that the injury was not due to his want of care."

The doctrine of res ipsa loquitur is not applicable, however, to an explosion which causes injury if the person charged with negligence does not have the exclusive control and management of the instrumentality which causes the injury at the time the injury occurs. *State ex rel. Bennett* v. *Sims,* 131 W. Va. 312, 48 S. E. 2d 13; *Laurent* v. *United Fuel Gas Company,* 101 W. Va. 499, 133 S. E. 116; *Marshall Window Glass Company* v. *Cameron Oil and Gas Company,* 63 W. Va. 202, 59 S. E. 959; *Ingrid* v. *Central Railroad Company of New Jersey,* 2 Cir., 216 F. 72, 991, L. R. A. 1916B, 716, certiorari denied, 238 U. S. 615, 35 S. Ct. 284, 59 L. Ed. 1490; *Sierocinski* v. *E. I. du Pont de Nemours and Company,* 3 Cir., 118 F. 2d 531; *Olson* v. *Whitthorne and Swan,* 203 Cal. 206, 263 P. 518, 58 A. L. R. 129; *Peters* v. *Pioneer Laundry Company,* 32 Cal. App. 2d 494, 90 P. 2d 146; *Biddlecomb* v. *Haydon,* 4 Cal. App. 2d 361, 40 P. 2d 873; *Hub-*

*bert* v. *Aztec Brewing Company,* 26 Cal. App. 2d 664, 80 P. 2d 185; *Brown* v. *Board of Trustees of Leland Stanford Junior University,* 41 Cal. App. 100, 182 P. 316. "The rule of res ipsa loquitur does not apply in explosion cases unless the thing that exploded was in the exclusive control of the defendant who is to be made liable; * * *." 22 Am. Jur., Explosions and Explosives, Section 95. The mere happening of an explosion, without more, furnishes no basis for a presumption of negligence. *Findley Admr.* v. *Coal and Coke Railway Company,* 72 W. Va. 268, 78 S. E. 396; *Dickinson* v. *Stuart Colliery Company,* 71 W. Va. 325, 76 S. E. 654, 43 L. R. A., N. S., 335; *Hanley Admr.* v. *West Virginia Central and Pittsburg Railway Company,* 59 W. Va. 419, 53 S. E. 625; *Veith* v. *Hope Salt and Coal Company,* 51 W. Va. 96, 41 S. E. 187, 57 L. R. A. 410.

Under the allegations of the second count of the declaration, the relation of master and servant existed between the defendants Du Pont and Rude; the motor vehicle or truck while transporting the fourteen tons of dynamite which exploded was under their exclusive control and management; and the dynamite, though dangerous when misused or improperly handled, was an instrumentality which in the ordinary course of events would not cause injury if those in control exercised reasonable care in its control and management. If dynamite is properly loaded and, while in transit, is handled with due care, an explosion such as that alleged in the second count of the declaration does not ordinarily occur. The doctrine of res ipsa loquitur applies when dynamite, transported in a motor vehicle upon a public highway by a licensed contract carrier as the agent of a manufacturer and shipper, explodes while in their exclusive control and management and causes injury and the explosion is such as does not ordinarily occur if those in control of the dynamite exercise due care. In *Selby* v. *Osage Torpedo Company,* 112 Okla. 303, 241 P. 130, 44 A. L. R. 120, the Supreme Court of Oklahoma held that the doctrine of res

ipsa loquitur applied to an explosion of nitrogylcerin transported by an automobile upon a public highway near the dwelling of the plaintiff who, while on his own premises, was injured by the explosion. The material facts in that case closely resemble the facts alleged in the second count of the declaration and the doctrine is applicable to the facts alleged in that count.

The defendants urge, in support of their demurrers, that the second count of the declaration is fatally defective in that it fails to state any particular act which constituted negligence upon the part of either defendant which caused the injury of which the plaintiff complains. This position of the defendants is not tenable. As already indicated the second count avers in general terms that the defendants while in the exclusive control and management of the motor vehicle or truck in transporting the dynamite, by their agents, servants and employees, at a designated time and place, so negligently and carelessly operated the motor vehicle or truck and so negligently and carelessly handled the dynamite that it exploded and injured the plaintiff; that the plaintiff does not know the precise acts or omissions which caused the explosion; and that such explosion would not have ordinarily occurred unless the defendants had failed to exercise due care in the control, management and operation of the truck. Those statements, though general, specify the negligent operation of the truck and the negligent transportation of the dynamite as the cause of the explosion and show that the plaintiff does not know the particular negligent act or omission which caused the explosion.

A declaration, to be sufficient, must set forth facts which impose a legal duty upon the defendant in favor of the plaintiff and allege a breach of such duty. *Canfield* v. *West Virginia Central Gas Company*, 80 W. Va. 731, 93 S. E. 815, L. R. A. 1918A, 808. In *Snyder* v. *Wheeling Electrical Company*, 43 W. Va. 661, 28 S. E. 733, 39 L. R. A. 499, 64 Am. St. Rep. 922, a case in which the doctrine of res ipsa loquitur was invoked to establish

the negligence of the defendant, this Court, sustaining the sufficiency of the allegations of negligence in the declaration, said in point 1 of the syllabus: "A declaration for tort arising from negligence may allege the mere negligence generally, without stating the particular facts going to prove negligence, but must specify with reasonable certainty the main or primary act of omission or commission doing the damage; and the allegation that the defendant did the particular act causing the damage furnishes the predicate or basis for evidence of all such incidental facts and circumstances of omission and commission as fairly tend to establish the negligence of the primary act, and to plead them specially would be to plead mere evidence instead of facts."

By the decisions of courts which represent the weight of authority, a plaintiff who alleges specific acts of negligence and fails to prove them, is not denied the application of the doctrine of res ipsa loquitur, if he also alleges, in general terms, negligence in the operation, maintenance, and care of the instrumentality which, while in the exclusive control and management of the defendant, causes the injury. 22 Am. Jur., Explosions and Explosives, Section 95; *Snyder* v. *Wheeling Electrical Company*, 43 W. Va. 661, 28 S. E. 733, 39 L. R. A. 499, 64 Am. St. Rep. 922; *Kleinman* v. *Banner Laundry Company*, 150 Minn. 515, 186 N. W. 123, 23 A. L. R. 479; *Cleary* v. *Cavanaugh*, 219 Mass. 281, 106 N. E. 998; *Kluska* v. *Yeomans*, 54 Wash. 465, 103 P. 819, 132 Am. St. Rep. 1121; *Biddle* v. *Riley*, 118 Ark. 206, 176 S. W. 134, L. R. A. 1915F, 992; *Angerman Company* v. *Edgemon*, 76 Utah 394, 290 P. 169, 79 A. L. R. 40; *Dearden* v. *San Pedro, Los Angeles and Salt Lake Railroad Company*, 33 Utah 147, 93 P. 271; *Washington-Virginia Railway Company* v. *Bouknight*, 113 Va. 696, 75 S. E. 1032, Ann. Cas. 1913E, 546; *Gray* v. *Baltimore and Ohio Railroad Company*, 7 Cir., 24 F. 2d 671, 59 A. L. R. 461.

It has also been held in some jurisdictions that in order to invoke the doctrine of res ipsa loquitur a plaintiff must

plead negligence only generally, and that, as the reason for the doctrine is the inability of the plaintiff to assign any specific act as the cause of the injury, if the plaintiff knows the facts and pleads specific acts of negligence he may not submit his cause under that doctrine. *Maxie* v. *Gulf, Mobile and Ohio Railroad Company*, 356 Mo. 633, 202 S. W. 2d 904; *Roscoe* v. *Metropolitan Street Railway Company*, 202 Mo. 576, 101 S. W. 32; *Byland* v. *E. I. du Pont de Nemours Powder Company*, 93 Kan. 288, 144 P. 251, L. R. A. 1915F, 1000; *Moore* v. *Clagett*, 48 App. D. C. 410; *Connor* v. *Atchison, Topeka and Santa Fe Railway Company*, 189 Cal. 1, 207 P. 378, 22 A. L. R. 1462. In the *Moore* case, with reference to allegations in a pleading when the doctrine of res ipsa loquitur is invoked, the court said: "It is within the election of the plaintiff to avail himself of the rule by merely alleging and proving the circumstances of his presence, the accident and the injuries sustained. He may elect, however, to specifically allege in detail the circumstances which led to the accident and upon which the charge of negligence is based. But, by electing to take this course, he assumes the burden of establishing the negligence in the manner charged, and the rule of res ipsa loquitur is thereby banished from the case."

Under either of the foregoing lines of decisions, general allegations of negligence alone are sufficient when the plaintiff relies upon the doctrine of res ipsa loquitur; and the allegations in the second count of the declaration that the defendants, while in the exclusive control and management of the truck containing the dynamite at a designated time and place, so negligently and carelessly operated the truck and so negligently and carelessly managed the dynamite that it exploded and injured the plaintiff, that the plaintiff does not know the precise acts or omissions which caused the explosion, and that the explosion would not have ordinarily occurred, unless the defendants had failed to exercise due care in the operation, control and management of the truck, sufficiently

charge negligence upon the part of the defendants and are sufficient to permit the application of the doctrine of res ipsa loquitur. Those general allegations of the main acts of negligence, in the second count of the declaration, satisfy the requirements relating to a declaration in an action of tort stated in point 1 of the syllabus of *Snyder* v. *Wheeling Electrical Company,* 43 W. Va. 661, 28 S. E. 733, 39 L. R. A. 499, 64 Am. St. Rep. 922, and together with other sufficient allegations render that count of the declaration good on demurrer.

As already pointed out, under the third count of the declaration the plaintiff seeks recovery of damages from the defendants on the ground that a contract carrier, as the agent of a manufacturer and shipper of high explosives, and such manufacturer and shipper, in transporting, by motor vehicle over a public highway in this State in an interstate journey, a shipment of dynamite, do so at their peril and are absolutely liable, without regard to fault, for damages caused by an explosion which occurs while the dynamite is being so transported.

The manufacture and the storage of quantities of high explosives in or dangerously near to public places, such as towns or highways, constitute a public nuisance; and if damage occurs to a person by an explosion of such substances he is entitled to compensation without proving negligence on the part of the manufacturer or the keeper of such explosives. *Wilson* v. *Phoenix Powder Manufacturing Company,* 40 W. Va. 413, 21 S. E. 1035, 52 Am. St. Rep. 890; *Kerbaugh* v. *Caldwell,* 3 Cir., 151 F. 194; *Heeg* v. *Licht,* 80 N. Y. 579, 36 Am. Rep. 654. It has also been held that a person who stores high explosives under circumstances creating likelihood of risk to other persons is absolutely liable, regardless of the degree of care exercised ·by such person, for damage caused by the explosion of such substances, whether such damage results directly or from concussion. *Exner* v. *Sherman Power Construction Company,* 2 Cir., 54 F. 2d 510, 80 A. L. R. 686; *Bradford Gylcerine Com-*

*pany* v. *St. Marys Woolen Manufacturing Company,* 60 Ohio St. 560, 54 N. E. 528, 45 L. R. A. 658, 71 Am. St. Rep. 740; *Britton* v. *Harrison Construction Company,* 87 F. Supp. 405; *Fairfax Inn* v. *Sunnyhill Mining Company,* 97 F. Supp. 991. In the *Exner* case, cited and relied upon by the plaintiff, the defendant kept dynamite in a small hut on the bank of a river located conveniently to its work upon a nearby hydroelectric development. The hut was approximately 935 feet from the dwelling of the plaintiffs and within fifty rods of five dwelling houses, a hotel, and several factories and business buildings. While boxes containing some of the dynamite were being carried from the hut to the work at which the dynamite was to be used, it exploded, destroyed the hut, killed the men who were engaged in moving the boxes, injured one of the plaintiffs and damaged the dwelling in which the plaintiffs resided and carried on a restaurant and lunchroom business. When, however, the storage of high explosives does not constitute a nuisance, or is not in violation of law, it is generally held that liability does not arise for damages occasioned by an explosion in the absence of negligence on the part of the person who stores or keeps such substances. 35 C. J. S., Explosives, Section 5b (1). See *Byrd* v. *Rector,* 112 W. Va. 192, 163 S. E. 845, 81 A. L. R. 1213; *Colebank, Admr.* v. *Nellie Coal and Coke Company,* 106 W. Va. 402, 145 S. E. 748; *Wellman* v. *Fordson Coal Company,* 105 W. Va. 463, 143 S. E. 160; *Daugherty* v. *Hippchen,* 175 Va. 62, 7 S. E. 2d 119; *Rieder* v. *Garfield Manor Corporation,* 164 Va. 192, 178 S. E. 677; *Derry Coal and Coke Company* v. *Kerbaugh,* 222 Pa. 448, 71 Atl. 915.

As to the liability of a person who uses high explosives for blasting purposes, where the conduct of such operations constitutes a nuisance, the person injured by an explosion may recover without establishing negligence upon the part of the person who conducts such operations. 35 C. J. S., Explosives, Section 8c; *Worth* v. *Dunn,* 198 Conn. 51, 118 A. 467. According to the weight of authority when a person uses high explosives in conduct-

ing blasting operations, without creating a nuisance or violating the law, he is liable if his acts in casting rocks or other debris on adjoining or neighboring premises or highways cause direct injury or damage to property or persons regardless of the degree of care exercised in the conduct of such operations. 35 C. J. S., Explosives, Section 8a; *Exner* v. *Sherman Power Construction Company*, 2 Cir., 54 F. 2d 510, 80 A. L. R. 686; *Asheville Construction Company* v. *Southern Railway Company*, 4 Cir., 19 F. 2d 32; *Williams* v. *Codell Construction Company*, 253 Ky. 166, 69 S. W. 2d 20, 92 A. L. R. 737; *Louisville and Nashville Railroad Company* v. *Smith's Admr.*, 203 Ky. 513, 263 S. W. 29, 35 A. L. R. 1238; *Dolham* v. *Peterson*, 297 Mass. 479, 9 N. E. 2d 406; *Louden* v. *City of Cincinnati*, 90 Ohio St. 144, 106 N. E. 970, L. R. A. 1915E, 356, Ann Cas. 1916C, 1171; *Green* v. *General Petroleum Corporation*, 205 Cal. 328, 270 P. 952, 60 A. L. R. 475; *Brown* v. *L. S. Lunder Construction Company*, 240 Wis. 122, 2 N. W. 2d 859; *Dallas* v. *Whitney*, 118 W. Va. 106, 188 S. E. 766. Though there is some conflict in the decisions in different jurisdictions, numerous cases hold that a person who conducts such operations, though not guilty of negligence, is liable for consequential injuries to property or persons which result from concussion or vibration caused by an explosion. 22 Am. Jur., Explosions and Explosives, Section 54; 35 C. J. S., Explosives, Section 8a; *Exner* v. *Sherman Power Construction Company*, 2 Cir., 54 F. 2d 510, 80 A. L. R. 686; *Britton* v. *Harrison Construction Company*, 87 F. Supp. 405; *Fairfax Inn* v. *Sunnyhill Mining Company*, 97 F. Supp. 991; *McGrath* v. *Basich Brothers Construction Company;* 7 Cal. App. 2d 573, 46 P. 2d 981; *Longtin* v. *Persell*, 30 Mont. 306, 76 P. 699, 65 L. R. A. 655, 104 Am. St. Rep. 723, 2 Ann. Cas. 198; *Wendt* v. *Yant Construction Company*, 125 Neb. 277, 249 N. W. 599; *Louden* v. *City of Cincinnati*, 90 Ohio St. 144, 106 N. E. 970, L. R. A. 1915E, 356, Ann. Cas. 1916C, 1171; *Whitman Hotel Corporation* v. *Elliott and Watrous Engineering Company*, 137 Conn. 562, 79 A. 2d 591.

The facts involved in the above cited cases, and the subjects of the storage of high explosives and their use in blasting operations, dealt with in the texts referred to, do not relate to the transportation of high explosives, and for that reason the cited authorities are inapplicable to the facts alleged in the third count of the declaration and are not controlling in determining the legal sufficiency of the allegations contained in that count. The foregoing authorities, relating to the storage of high explosives and their use in blasting operations, are cited and discussed solely for the purpose of emphasizing the clear and well recognized distinction which exists in law and in fact between the storage and the use of high explosives and the transportation of such substances.

With respect to the liability of a common carrier or other carrier who transports high explosives the rule is that in the absence of negligence on its part such carrier is not liable to third persons who are injured by an explosion which occurs during the transportation by it of such explosives but that it is liable for injuries caused by its negligence or where it has so handled a shipment that it has become a nuisance which causes injury. 35 C. J. S., Explosives, Section 9. In 22 Am. Jur., Explosions and Explosives, Section 78, the principle is expressed in these words: "The doctrine of Rylands v. Fletcher has been rejected in connection with the liability of common carriers for injuries by explosives during shipment occurring without their negligence; and in the absence of negligence, a carrier's liability for injury or damage from an explosion must be predicated upon nuisance or the violation of a statute or regulation." As already indicated, in discussing the question of the legal sufficiency of the first count of the declaration, the allegations of that count are not sufficient to establish the creation or the maintenance of a nuisance by either defendant in the transportation of the dynamite at and prior to the time of the explosion. The third count of the declaration, being based upon the theory of absolute liability of the defendants for the damage caused by the

explosion, likewise contains no sufficient allegation that the transportation of the dynamite by the defendants, in the manner stated, constituted a nuisance or that the defendants were guilty of negligence.

In *Ingrid* v. *Central Railroad Company of New Jersey,* 2 Cir., 216 F. 72, 991, L. R. A. 1916B, 716, certiorari denied, 238 U. S. 615, 35 S. Ct. 284, 59 L. Ed. 1490, the court said:

"At the time of the explosion the dynamite was in the course of transportation. A common carrier must transport freight of this character over its line, and the doctrine of Rylands v. Fletcher, if applicable at all, cannot be applied to cases of this nature. We think there can be no doubt, so far as a common carrier is concerned, that such danger as necessarily results to others from the performance of its duty, without negligence, must be borne by them as an unavoidable incident of the lawful performance of legitimate business. * * *.

"It certainly would be an extraordinary doctrine for courts of justice to promulgate to say that a common carrier is under legal obligation to transport dynamite and is an insurer against any damage which may result in the course of transportation, even though it has been guilty of no negligence which occasioned the explosion which caused the injury. It is impossible to find any adequate reason for such a principle."

In the annotation to the *Ingrid* case, L. R. A. 1916B, 726, these statements appear: "The doctrine of Rylands v. Fletcher, set out in the reported case, has never, so far as research has disclosed, been successfully invoked to render a common carrier liable for injuries by explosives during shipment occurring without its negligence. Therefore, in any discussion of the question under consideration, it should be recognized as fundamental that the carrier's liability, if any, must be based upon negligence; in other words, a carrier in the transportation of explosives is not an insurer against injuries resulting therefrom, but is liable only for such injuries as are due to its negligence."

In the case of *The Ingrid,* 195 F. 596, the judgment in which was affirmed on appeal in *Ingrid* v. *Central Railroad of New Jersey,* 2 Cir., 216 F. 72, 991, L. R. A. 1916B, 716, certiorari denied, 238 U. S. 615, 35 S. Ct. 284, 59 L. Ed. 1490, the District Court said in headnote 1: "In modern times when vast quantities of substances liable to explode, such as dynamite, gunpowder, and petroleum products, are used and required to be transported, a carrier of such explosives cannot be held an insurer against injuries which may result to others from their accidental explosion while in course of transit, but is liable only on the ground of negligence."

The rule that a common carrier in the transportation of explosives is not an insurer against or absolutely liable for injuries caused by an explosion which occurs during such transportation, when it does not create or maintain a nuisance in such transportation, but is liable only for such injuries as are caused by its negligence is recognized and applied in *Willson* v. *Colorado and Southern Railway Company,* 57 Colo. 303, 153 P. 174; *Hertz* v. *Chicago, Indiana and Southern Railroad Company,* 154 Ill. App. 80; and *Walker* v. *Chicago, Rock Island, and Pacific Railroad Company,* 71 Iowa 658, 33 N. W. 224.

In the *Willson* case, in discussing the duty of such carrier in transporting high explosives, the court said: "The law considers explosives dangerous and requires that those engaged in transporting them should exercise that degree of care to prevent injuries to others therefrom as ordinarily prudent persons, considering their dangerous character, would exercise in similar circumstances, and a failure to do so is negligence. *Derry Coal and Coke Company* v. *Kerbaugh,* 222 Pa. 448, 71 Atl. 915; *Henry* v. *Cleveland C. C. & St. L. R. Co.,* (C. C.) 67 Fed. 426. A common carrier has the right to transport powder, but this does not include the right to subject persons to danger from its explosion in a greater degree than is reasonably necessary for the proper performance of its duty as a carrier."

In the *Hertz* case it was held that an instruction that a

common carrier is an insurer against damages resulting from an explosion was erroneous and that the obligation of such carrier in the transportation of explosives is only to exercise ordinary care. In defining the duty of a common carrier in transporting explosives the court used this language: "A common carrier has the right to receive and transport such dangerous articles of commerce as dynamite and naptha and while there may be no contract relation between the carrier and a person injured as a result of an explosion, yet the carrier owes to those near enough its train to be affected by its manner of transporting these dangerous articles of commerce, the duty of using such care to avoid injury to others as would be used by an ordinarily prudent man engaged in such transportation under like circumstances. The more dangerous the articles transported the greater would be the vigilance of an ordinarily prudent man in exercising ordinary care."

Under the above cited authorities, a common carrier, in the transportation of high explosives by any proper type of conveyance in the absence of conduct which constitutes a nuisance, is not an insurer against or absolutely liable for damages caused by an explosion of such substances, but is liable only for such damages as are caused by its negligence. The principle just stated is applicable to a licensed contract carrier which, by virtue of an act of Congress and under regulations promulgated by the Interstate Commerce Commission, has the right to receive and transport high explosives by motor vehicle upon the public highways of a state in an interstate journey, as the agent of a manufacturer and shipper; and the defendant Rude, as such carrier, in the transportation of high explosives as the agent of a manufacturer and shipper of such explosives, is not an insurer against or absolutely liable for injuries caused by the explosion which occurred during such transportation, when it did not create or maintain a nuisance in such transportation, but is liable only for such injuries as are

caused by its negligence. As to the manufacturer and shipper of high explosives the text in 22 Am. Jur., Explosions and Explosives, Section 79, is in this language: "The same rule that applies to a carrier in the transportation of explosives, namely, that it is not an insurer against injuries, but is liable only for negligence, applies also to the shipper." See also Annotation, L. R. A. 1916B, 730. Under the rule just stated the defendant Du Pont, the manufacturer and shipper of the dynamite, a high explosive, in the transportation of the dynamite by a licensed contract carrier as its agent, is not an insurer against or absolutely liable for injuries caused by the explosion which occurred during such transportation, when it did not create or maintain a nuisance in such transportation, but is liable only for such injuries as are caused by its negligence.

As the third count in the declaration is based on the erroneous theory that in the transportation of the dynamite by the defendant Rude, a licensed contract carrier, as the agent of the defendant Du Pont, the manufacturer and shipper of the dynamite, by motor vehicle or truck upon a public highway in this State in an interstate journey, and the defendant Du Pont as such manufacturer and shipper, are absolutely liable for the damages caused by an explosion of the dynamite while being so transported, and as it contains no sufficient allegation that the defendants in the transportation of the dynamite created or maintained a nuisance or were guilty of negligence, that count does not state a good cause of action against either defendant and, for that reason, is demurrable.

The first and third questions stated earlier in this opinion, the substance of which is embraced in the certificate, are answered in the negative; and the second question stated earlier in this opinion, the substance of which is also embraced in the certificate, is answered in the affirmative.

For the reasons stated the circuit court should have sustained the demurrer of each defendant to the first count and the third count of the declaration and should have overruled the demurrer of each defendant to the second count of the declaration. As the circuit court overruled the demurrer of each defendant to each of the three counts, its action in overruling each demurrer to the first count and the third count of the declaration is reversed and its action in overruling each demurrer to the second count of the declaration is affirmed.

*Rulings affirmed in part and reversed in part.*